[Civ. No. 4390. Second Appellate District, Division Two.—May 29, 1925.]

ALLEN'S COLLECTION AGENCY (a Corporation), Appellant, v. W. K. LEE, Respondent.

[1] EVIDENCE — FINDINGS — APPEAL. — The sufficiency of evidence to establish a given fact is primarily a question for the trial court, and if there is substantial evidence in the record to support the conclusion reached by the trial court, its finding is not open to review upon appeal.

[2] ID.—CONSIDERATION FOR NOTE—SETTLEMENT AND DISCHARGE—EVI-
DENCE—FINDINGS—APPEAL.—In an action upon a promissory note,
where there is substantial evidence showing that the note in ques-
tion was given as evidence of the amount advanced by plaintiff's
assignor to defendant, pursuant to the terms of a farming partner-
ship in which they had been engaged, and not, as evidence of any
personal obligation from defendant, and there is also substantial
evidence showing that on a date subsequent to the execution of said
note the parties entered into a new agreement by which all ad-
vances made by plaintiff's assignor to defendant were settled and
discharged as to defendant, the trial court's findings in accordance
therewith are conclusive on appeal, notwithstanding there is much
conflict in the evidence as to whether said note represented a per-
sonal indebtedness of defendant to plaintiff's assignor, or whether
it embodied the aggregate amount advanced by the latter to the
partnership, under the provisions of the original partnership agree-
ment.

[3] ID.—ABSENCE OF CONSIDERATION—REBUTTAL OF PRESUMPTION.—In
such action, the evidence offered to show the circumstances and
conditions under which the note in question was given, and its
subsequent settlement and discharge, is not in conflict with the
terms of said note, nor intended to contradict, vary, or add thereto—
as the question is not whether the date, amount, maturity, or other
elements thereof are correctly stated therein, but whether it was
given as evidence of a personal obligation, or merely as an acknowl-
edgment of having received certain amounts of money in trans-
acting the business of the joint enterprise—and when it is shown
that defendant owed plaintiff's assignor nothing when the note was
given, one of the essentials of the instrument itself, namely, con-
sideration therefor, disappears; and, while consideration will be
presumed from the existence of a writing, such presumption is not
conclusive, and evidence may be introduced to rebut it.

[4] ID.—CONDITIONAL DELIVERY — CONSIDERATION — PAROL EVIDENCE.—
Under section 3097 of the Civil Code, where a promissory note has
not passed into the hands of an innocent purchaser for value before
maturity, parol evidence is admissible to show the delivery thereof
"to have been conditional, or for a special purpose only"; and,
under such circumstances, original lack or subsequent failure of
consideration may be shown by parol.

(1) 4 C. J., p. 878, n. 82. (2) 4 C. J., p. 883, n. 33. (3) 8 C. J.,
p. 994, n. 64; 22 C. J., p. 1260, n. 96. (4) 22 C. J., p. 1153, n. 9.

APPEAL from a judgment of the Superior Court of
Kern County. T. N. Harvey, Judge. Affirmed.

4. See 3 R. C. L. 862; 19 Cal. Jur. 1022.

The facts are stated in the opinion of the court.

Emmons & Aldrich and T. F. Allen for Appellant.

F. E. Borton and James Petrini for Respondent.

CRAIG, J.—A partnership agreement was executed in writing on October 7, 1918, by W. K. Lee, Louis Zimmer, and William Lingg, for the purpose of cultivating, seeding, harvesting, and marketing the products of certain agricultural lands in Kern County. The contract provided that Lee should furnish the lands, which he held under a lease from the Lerdo Land Company, and all stock, teams, and implements necessary for conducting the farming operations; Zimmer agreed to furnish all necessary seed, food for labor, and the feed and forage for livestock; and Lingg agreed to furnish his services. It was further covenanted that from the proceeds Lee should receive twenty-five dollars per month per team for use of his stock; Zimmer to be reimbursed for moneys invested in the supplies mentioned; and Lingg should receive three dollars per day; and after the payment of rent and payment of said allowances, it was agreed that any balance be divided and paid, one-half to Lee, three-tenths to Zimmer, and two-tenths to Lingg.

All three of the parties entered upon the performance of their duties under the contract, but Lingg withdrew soon after the commencement of operations, and Lee and Zimmer continued to operate together during the years 1918, 1919, and 1920, under the original contract, with the single modification that Zimmer should receive one-half of the proceeds upon distribution, instead of three-tenths. Lee called upon Zimmer from time to time to advance the money with which to purchase the supplies which the latter had agreed to furnish, and each time received a memorandum in the form of a promissory note, which he signed and delivered to Zimmer, as evidence of such advance. It was testified by Zimmer that said notes were the only evidence or account that he had of moneys advanced under the terms of the partnership agreement. During the last three months of the year 1918 there was advanced, as evidenced by four notes introduced in evidence, a total of $1,250; and from January 16, 1919, to and including July 29, 1919, an aggregate of $6,000

was advanced by Zimmer, as appears from ten such notes, also introduced upon the trial of this case. Each of said notes was signed "W. K. Lee." In the month of September, 1919, two promissory notes for $1,000 each, payable to the First Bank of Kern, were signed by Zimmer and Lee.

On the ninth day of January, 1920, a promissory note for the sum of $8,000, payable to L. H. Zimmer, one year from date thereof—with one per cent interest, which Zimmer testified was inserted at the suggestion of Lee, "just to make it legal"—was signed by W. K. Lee, and each of the old notes above mentioned was indorsed "Paid Jan. 9th, 1920." Zimmer testified that this constituted a settlement of the 1919 business. There were many other transactions, consisting of sales of grain, a mortgage to Zimmer of Lee's half of the product, a bill of sale from Lee to Zimmer of a half interest in growing cotton, and some cash items, the materiality of which is incidental to the principal question presented upon this appeal.

Zimmer assigned the $8,000 note to appellant, for collection purposes only, and suit was brought thereon in 1921. Lee thereafter answered the complaint in said action, denying any indebtedness to Zimmer, and alleging that the instrument sued upon was but one of a series of promissory notes evidencing advances to the partnership by Zimmer; that on or about November 9, 1920, an agreement was made and executed between the parties "under which the affairs of said partnership were settled and it was understood, stipulated and agreed, among other things, that the said Zimmer should have the interest of this defendant in the crop raised by said partnership, which said interest the defendant thereupon conveyed to the said Zimmer, and that this defendant should pay the rent to the Lerdo Land Company for lease on pasture, for hay on hand, and that said agreement was fully carried out and there were no other, further or different obligations to be paid or assumed by this defendant, and that all advances made by the said Zimmer, under said partnership, including the said advances evidenced by the said promissory note, were settled and discharged as to this defendant, by said agreement." It was further alleged that "other than said agreement, no accounting of the said partnership has ever been had and no balance ever struck."

The trial court, after hearing the evidence, which consisted principally of the testimony of Zimmer and Lee, and the various documents heretofore mentioned, rendered judgment for the defendant, finding as true the allegations of defendant's answer, and that "said promissory note was not intended to evidence and did not evidence any personal obligation from the said W. K. Lee to the said L. H. Zimmer."

It is strenuously asserted by appellant that the defense that said note was given solely for the purpose of accounting and making a record of advances should not have been allowed by the lower court, for the reason that the same could be maintained only by the introduction of parol testimony tending to change or vary the terms and provisions of an instrument in writing.

There is much conflict as to whether or not the note for $8,000 represented an indebtedness of Lee to Zimmer, or whether it embodied the aggregate amount advanced by the latter to the partnership, under the provisions of the original agreement, following the settlement and accounting of November 9, 1920. However, it appears that Lee used all surplus proceeds of the 1919 crop in putting in the crop for 1920, and that he later turned over to Zimmer everything of value except some small shacks; the parties met at the bank and arrived at an adjustment of their partnership affairs, and the contract of October 7, 1918, was terminated. It also appears, as we have indicated above, that the exact amount of advances in 1919 was $8,000, which was also the amount of the note in suit. It was testified by each of the parties that at the time of said settlement there was a small difference of about $214, for which Lee gave a check, and they signed a written contract declaring that the partnership was dissolved. [1] The sufficiency of evidence to establish a given fact is primarily a question for the trial court, and if there is substantial evidence to support the conclusion reached below, the finding is not open to review upon appeal. (*Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432].) [2] And so, the finding in question is conclusive on appeal unless this court is convinced that the conclusion reached is without substantial support in the record, bearing in mind that all inferences favorable to its support are to be accorded to it. (*Hassell* v. *Bunge,* 167 Cal. 365 [139 Pac. 800]; *Hind* v. *Oriental Products Co.,* 195 Cal. 655

[235 Pac. 438].)  Hence, here, where a clear conflict of evidence exists, this court is not justified in disturbing the finding below.

[3]  Therefore, accepting as we must the conclusion of the trial court that the note for $8,000 did not represent an obligation of Lee to his copartner, but that it was one of a series of memoranda merely evidencing the steps taken by Zimmer in the performance of his partnership duties, under the original contract, it is apparent that the case does not fall under the inhibitions of the rule including parol evidence.  The evidence offered was not in conflict with the terms of the instrument, nor intended to contradict, vary, or add thereto.  The question was not whether the date, amount, maturity, or other elements of the note were correctly stated therein, but whether it was given by Lee as evidence of a personal obligation, or merely as an acknowledgment of having received certain amounts of money in transacting the business of the joint enterprise. If it be shown that Lee owed Zimmer nothing when the note was given, one of the essentials of the instrument itself would disappear.  Consideration will be presumed from the fact that a contract is in writing, but such presumption is not conclusive, and evidence may be introduced to rebut it. (*Raynor* v. *Drew,* 72 Cal. 307 [13 Pac. 866].)

[4]  Section 3097 of the Civil Code expressly provides that "the delivery may be shown to have been conditional, or for a special purpose only"; and in *Sayre* v. *Leonard,* 57 Colo. 116 [140 Pac. 196], cited with approval by this court in *Silva* v. *Gordo,* 65 Cal. App. 486 [224 Pac. 765], it was held that the purposes for which an instrument was executed may be shown by parol testimony.  As was held in *Muir* v. *Hamilton,* 152 Cal. 634 [93 Pac. 857]: "However closely the lips of the plaintiff might have been sealed under the law governing negotiable paper if his notes had passed into the hands of an innocent purchaser for value before maturity, as between the original parties to an instrument nothing is better settled than that the maker may show an original lack of consideration, or subsequent failure of consideration . . . And it is equally well settled that such lack or failure of consideration may be shown by parol."

Differences of opinion as to the weight and sufficiency of evidence are expressed in the briefs, but as we have said,

these were questions lying within the province of the trial court. We think the evidence offered was clearly admissible, and upon a careful review of the record upon appeal it appears that the judgment rendered was warranted thereby.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

Appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1925.

All the Justices concurred.