[L. A. No. 12072. In Bank.—June 27, 1930.]

JEROME L. RICHARDSON, Appellant, v. J. F. LAMP et al., Respondents.

Jerome L. Richardson, *in pro. per.*, W. Earl Redwine and Frank C. Sherrer for Appellant.

James L. Davis and Sharpless Walker for Respondents.

WASTE, C. J.—The six defendants herein were the co-makers of a promissory note, dated January 16, 1924, by the terms of which they promised to pay to plaintiff, six months after date, for value received, the sum of $1500, with interest at the rate of seven per cent per annum. The note was not paid, and plaintiff brought this action upon a complaint in the usual form. The joint answer of the defendants admitted the execution of the note and its nonpayment, but, by way of special answer and defense, pleaded a contemporaneous oral agreement, the allegations in this regard being, in effect, that at the time the defendants executed the note the plaintiff agreed that he would collect the principal and interest thereof from parties other than the defendants, and against whom the defendants then had claims for money and for damages, and would not hold the defendants, or any of them, liable for its payment; that by reason of this "mutual, contemporaneous, dependent, oral agreement," and not otherwise, the defendants executed the promissory note; that for some months prior to the date of its execution, the plaintiff, as the representative of one B. R. Parrott, attempted to sell to a corporation known as the Lone Wolf Oil Company, in which the defendants were interested as officers or stockholders, a property at Signal Hill, California, known as Thompson Well No. 5; that in connection with and incident to the attempt of plaintiff to sell the property to the corporation, plaintiff made a number of trips from Riverside to Orange, Long Beach, and Los Angeles, which trips were not made for the benefit or on behalf of the defendants or their corporation; "that on the 16th day of January, 1924, and immediately prior to the execution of said promissory note, the said plaintiff stated to defendants that he considered $50.00 a trip a reasonable charge for said trips and that his total charge for such trips, together with incidental expenses, aggregated about $1,400.00, and that if the defendants would execute and deliver to him their note for that amount he would not hold defendants liable on said note and would not collect said promissory note unless it could be collected as additional damages which he alleged he could collect from

the said [other parties] . . . " In a further separate answer and defense the defendants alleged that none of them received any consideration or anything of value for the promissory note, and that there was an entire absence of consideration for its execution and delivery. At the trial plaintiff introduced the note in evidence and rested. The court then permitted the defendants to offer testimony in support of the allegations of their answer with reference to the contemporaneous oral agreement, over the objection of the plaintiff that such evidence was inadmissible as tending to vary the terms of a written executed instrument. Upon the issues thus presented the case went to the jury, which rendered a verdict in favor of the defendants upon which judgment was entered.

Appellant contends that the trial court erred in admitting the parol evidence relating to the execution of the promissory note, claiming that it violates the rule that where parties have deliberately put their agreement in writing in such language as imports a legal obligation, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is there expressed. (*Lindemann* v. *Coryell*, 59 Cal. App. 788, 791 [212 Pac. 47].) But, while the truth of the facts recited in a written instrument is conclusively presumed between the parties thereto, or their successors in interest by a subsequent title, this rule does not apply to the recital of a consideration. (Code Civ. Proc., sec. 1962, subd. 2.) The true consideration or the want of consideration may always be shown by extrinsic evidence for the purpose of impeaching a contract, notwithstanding that it states facts to show a valuable consideration. (*Wardeman* v. *Waller*, 88 Cal. App. 393 [263 Pac. 558].)

We are of the view that the testimony in this case to which objection was and is made was admissible in support of the defense of no consideration. The trial court was of the view that, disregarding much evidentiary matter contained in the pleading, the sole issue raised by the answer was a lack of consideration for the execution of the note, and it submitted that issue to the jury by proper instructions. The jury having found for the defendants, we must conclude that it followed the instructions of the court in its consideration of the testimony, and that, in its opinion, the

evidence was sufficient to establish that there was no consideration for the execution of the note.

The judgment is affirmed.

Preston, J., Richards, J., Seawell, J., Shenk, J., and Langdon, J., concurred.