[Civ. No. 5324. Third Appellate District.—November 1, 1935.]

BENJAMIN MOORE & COMPANY (a Corporation), Appellant, v. GEORGE E. O'GRADY, Respondent.

W. Coburn Cook for Appellant.

Bush & Cleary for Respondent.

PLUMMER, J.—The plaintiff began this action against the defendant to recover upon two assigned claims or causes

of action, the first cause of action being based upon a promissory note dated January 9, 1931, payable on September 1, 1931, in the sum of $282.32, bearing interest at the rate of 6 per cent per annum, executed by the defendant and delivered to Figatner-Scott Company, the assignor of the plaintiff.

The second cause of action was based upon a book account in the sum of $32.39 for goods, wares and merchandise alleged to have been purchased by the defendant from the Luyties Pharmacal Company, and assigned to the plaintiff.

The answer of the defendant admitting the execution of the note, set up as a defense thereto a lack of consideration for any sum in excess of $84, and also the further defense that at the time of the execution of the note there were negotiations between the assignor of the plaintiff and the defendant, that the amount due, for which the note was given, would be adjusted in accordance with the actual indebtedness found to exist on the part of the defendant to the plaintiff's assignor, Figatner-Scott Company. The record shows that the defendant had been buying certain supplies from the assignor of the plaintiff to be used on certain buildings which the defendant was having constructed, repaired or painted.

After the execution of the promissory note it was further alleged the defendant examined his accounts and found that his indebtedness to the Figatner-Scott Company was only the sum of $84, which sum the defendant offered to pay the Figatner-Scott Company; that the Figatner-Scott Company refused to comply with its agreement to have the note adjusted to evidence the amount which was actually due from the defendant to the Figatner-Scott Company, and that the consideration for which the note had been given had failed in excess of the sum of $84. We have not followed the formal language of the pleadings, but the foregoing are the facts set forth therein.

The court awarded the plaintiff judgment for $84 principal on account of the note which we have mentioned, and $15 attorneys' fees; also awarded judgment in the second cause of action in the sum of $17.10. From this judgment the plaintiff appeals.

No question is presented as to the second cause of action. The appellant presents for our consideration matters pertaining only to the first cause of action, insisting that

judgment should be awarded for the full face of the promissory note, together with interest thereon from the date of its execution. This contention is based upon the assertion that the testimony does not support the conclusions reached by the trial court. Findings were waived, and therefore we are bound by the presumption that everything which the court might have found necessary to sustain the judgment was found.

On the part of the appellant it is contended that the defendant in this action was represented by one Charles Apitz, acting as his contractor, and as his agent may have contracted bills with the Figatner-Scott Company in the name of the defendant in the sum of $282.32. This argument is based upon the testimony of the defendant, where he uses the following language: "Charles Apitz was my contractor and did work for me over a period of several years. As far as my knowledge goes, Charles Apitz may have ordered materials on my account and used them on buildings other than mine, and the sum of $282.32 may have been the amount on my account as of January 9, 1931, as far as the books of the Figatner-Scott Company show."

Relying on this testimony of the defendant in which he offers as an explanation of how the error may have occurred, it is argued that the defendant is bound thereby, and therefore that the testimony does not support the finding and judgment of the court.

Turning to the affidavit of A. F. Figatner, the president of the Figatner-Scott Company, we find the following: "Affiant further says that the defendant had a running account with the Figatner-Scott Company, and was buying goods, wares and merchandise from it for a considerable period before said date, and the note was given for the balance due the Figatner-Scott Company by the defendant, as of the date of said note, and that the Figatner-Scott Company never sold or delivered to Charles Apitz any goods, wares, or merchandise, to affiant's knowledge or belief, which was to be used by him on any property of the defendant's but that the merchandise, the balance of the purchase price for which the note was executed, was sold and delivered to the defendant at his special instance and request." This, of course, furnished a basis for the court to have found that the Figatner-Scott Company did not sell or deliver any goods, wares or merchandise,

charging the same to the defendant, which may have been ordered by Charles Apitz acting in the capacity of agent of the defendant. In the absence of findings it will be presumed that the court did so find, and that the judgment would be supported by a finding that Apitz did not, in the capacity of agent for the defendant, order any goods, wares or merchandise from Figatner-Scott Company. The law is well settled that all reasonable inferences will be drawn from the evidence, and that the most favorable construction will be drawn therefrom to support the judgment where findings have been waived. We do not need to cite authorities to support this statement.

█ In relation to the points made by the respondent that the facts show that Figatner-Scott Company promised and agreed with the defendant to change the figures in the note to correspond with the amounts actually due, and that such agreement constituted a part of the consideration, and that failure to comply with the agreement might be urged as a failure of consideration, we need not enter into any extended discussion. The following cases do hold that where an oral agreement enters into and becomes a part of the consideration for a note, a failure to comply therewith is a failure of consideration, to wit: *Shipley Co.* v. *Rosemead Co.,* 100 Cal. App. 706 [280 Pac. 1017] ; *Silva* v. *Gordo,* 65 Cal. App. 486 [224 Pac. 757] ; *North* v. *Evans,* 117 Cal. App. 317 [3 Pac. (2d) 609] ; *Richardson* v. *Lamp,* 209 Cal. 668 [290 Pac. 14].

Even though it might be held that the agreement to adjust the figures in the note to correspond with the amount due, was not sufficiently shown by the testimony, we think section 3109 of the Civil Code is a complete answer to the contention of the appellant so far as the principal of the note is concerned. That section reads: ''Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount, or otherwise.'' Thus, the court having impliedly found that only $84 was due on account of wares, goods and merchandise purchased by the defendant from the Figatner-Scott Company, a failure of consideration between that amount and the face of the note is immediately established. Consequently, under the section of the Civil Code, *supra,* judgment necessarily would have to go for the plaintiff only

in the amount actually due, as a *pro tanto* failure of consideration is clearly established if the court accepted the testimony of the defendant.

We do not need to discuss any of the other points involved in this case, so far as the principal amount due on the note in question is concerned. However, it further appears from the record that the defendant never tendered to Figatner-Scott Company the $84 admitted by him to be due, and did not make any tender in court of that sum.

It results that the trial court was in error in not allowing interest on the sum of $84 at the rate of 6 per cent per annum from the date of the note until paid. It further appears from the record that the plaintiff in this action is not a holder in due course, and that therefore a failure of consideration may be urged as against the note held by the plaintiff as assignee.

The contention is also made that the trial court erred in allowing only $15 as attorney's fees. The trial court being in a better position to determine the amount that should be allowed as attorney's fees, we do not see any reason for disturbing the allowance, even though the sum does seem to be somewhat insignificant, being only $15.

It follows from what we have said that the judgment of the trial court should be corrected in so far as interest is concerned.

It is therefore ordered that the judgment of the trial court be corrected so as to allow the defendant $84 as principal upon the note in question, and interest thereon at the rate of 6 per cent per annum from the date of the note until paid, and as so corrected, the judgment will stand affirmed as to both causes of action. Costs on appeal are awarded the appellant.

Pullen, P. J., and Thompson, J., concurred.