[Civ. No. 5835.  Third Appellate District.—November 15, 1938.]

H. H. HARPER, Respondent, v. FRED M. FRENCH et al., Appellants.

Stephen N. Blewett and Frederick L. Felton for Appellants.

Ward A. Hill for Respondent.

MAXEY, J., *pro tem.*—The action seeks a recovery upon a promissory note. The complaint is in the usual and customary form. The answer denies the delivery of the note described in the complaint; admits that no part of the note has been paid; denies any default on the part of the defendants; and affirmatively pleads that the note was executed without any consideration whatever.

The case was tried before a jury, and a verdict returned in favor of the plaintiff and against the defendants for the principal sums specified in the note, together with interest thereon and attorneys' fees. Judgment was thereupon entered in favor of the plaintiff in accordance with the verdict.

The plaintiff herein, H. H. Harper, was a real estate broker in the city of Stockton, and undertook, for a commission, to sell certain properties belonging to the defendants herein. On November 13, 1931, escrow instructions were made by the defendants herein with the Stockton Abstract & Title Company, whereby it was provided that the note here in suit should be delivered to the plaintiff herein upon the consummation of that transaction; the sale failed to materialize, and on December 7, 1931, similar escrow instructions were executed and signed by Emma J. French, one of the defendants herein, and delivered to the abstract company above mentioned. In said last instruction the note to the plaintiff herein was specified to be delivered to plaintiff upon the consummation of that particular transaction. The latter transaction was completed and the note delivered by the abstract company to the plaintiff herein.

The purchaser of the property made a down payment that was received by the defendants. The property was sold subject to a first deed of trust, and the balance of the equity of the defendants was represented by a second deed of trust payable in instalments. No subsequent instalments were made or paid by the purchaser of said property from the defendants.

It is the contention of the defendants and appellants that the delivery of the note was conditioned upon the payment

of the second instalment by the purchaser, and that a part or portion of the consideration for the note was the payment of the second instalment by the purchaser.

At the trial of the cause the defendants attempted to introduce oral testimony showing that the delivery of the note was conditional, and that the consideration for the note was based upon the payment of the second instalment by the purchaser of the property from defendants. The trial court sustained the objections made by plaintiff to the introduction of oral testimony offered by the defendants.

The sole and only question presented on this appeal is: Is oral testimony admissible to show the conditional delivery of a promissory note, and to show a want or failure of consideration, either total or partial?

In the instant case the offer of the oral testimony was refused upon the familiar and well-established rule that parol evidence is inadmissible to contradict or vary a written contract. "A written contract must be in force as a binding obligation to make it subject to this rule. Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. If the payee of a note has it in his possession, that fact would be *prima facie* evidence that it has been delivered; but it would be only *prima facie* evidence. The fact could be shown to be otherwise by parol evidence. Such parol evidence does not contradict the note or seek to vary its terms. It merely goes to the point of its non-delivery. The note in its terms is precisely what the maker and the payee intended it to be. No one desires to vary its terms or to contradict them." (Quoted with approval from *Burke* v. *Dulaney*, 153 U. S. 228 [14 Sup. Ct. 816, 38 L. Ed. 698], in *Gleeson* v. *Dunn*, 113 Cal. App. 347, 350, 351 [298 Pac. 119].)

"The consideration for the note in this action is one of the matters sought to be presented by that portion of the defendants' amended answer stricken out by the trial court, and it is held by an almost unbroken line of authorities that parol evidence is always admissible to show the consideration or want of consideration, and that such testimony does not vary or alter the terms of a written contract." (*Silva* v. *Gordo*, 65 Cal. App. 486–492 [224 Pac. 757].)

■ The defendants in the instant case very evidently attempted to show by oral testimony that the delivery of the note in question was conditioned upon the payment of the second instalment ˙by the purchasers. The defendants further attempted to show by oral testimony that an agreement had been entered into between the defendants and the plaintiff that should the second instalment not be paid by the purchaser, the consideration of the note failed, and consequently, there was no liability upon the part of the defendants for the payment of this particular note. These, the delivery of, and consideration for the note, under the pleadings in the instant case, became questions of fact to be determined by the jury under proper instructions by the court. The terms of the note were not varied nor attempted to be varied by the offered testimony.

The sustaining of the objection to the oral testimony along the lines herein indicated, and precluding the defendants from presenting those facts, or alleged facts, to the jury, was in our opinion prejudicially erroneous. (*Cooper* v. *Cooper*, 3 Cal. App. (2d) 154 [39 Pac. (2d) 820]; *Benjamin Moore & Co.* v. *O'Grady*, 9 Cal. App. (2d) 695 [50 Pac. (2d) 847].)

The judgment will therefore be reversed and the cause remanded for a new trial.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 15, 1938.