[Civ. No. 11861. Second Appellate District, Division Two.—November 17, 1938.]

JOHN WILBUR PEARCE, Appellant, v. SUSAN B. UNDERWOOD, Respondent.

Ray C. Eberhard and M. M. Hays for Appellant.

Cooper & Hon and W. Fenimore Cooper for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover a sum alleged to be due as a broker's commission plaintiff appeals.

The essential facts are:

Defendant orally requested plaintiff, a real estate broker, to secure a purchaser for an apartment house located in the city of Los Angeles known as the Merrill Apartments. Plaintiff secured a written offer from a responsible person to purchase the Merrill Apartments, which offer defendant declined to accept unless the offer was modified to provide that the sale price should be $52,500, $12,500 to be paid in cash and the balance secured by a first trust deed on the property in favor of defendant. At the time there was a $26,000 first mortgage against the property which had previously been made in favor of the Winter Investment Company and by it assigned to the New York Life Insurance Company. The note which the loan secured did not permit prepayment of the loan.

Plaintiff obtained a written offer from his client to purchase the property upon the revised terms, which offer he submitted to defendant, who refused to sign the same until plaintiff agreed to obtain the consent of the New York Life Insurance Company to prepayment of the mortgage note which it held. This, plaintiff agreed to do, whereupon defendant accepted the offer which plaintiff had procured, and signed a written contract, agreeing to the terms thereof including a provision for the payment to plaintiff of a commission in the sum of $2,500. Subsequently the New York Life Insurance Company refused to accept prepayment of the mortgage note which it

held and defendant gave plaintiff notice that she would not perform the contract.

These are the questions presented for determination:

■ *First: Was there substantial evidence to sustain findings of fact conforming to the facts set forth above?*

*Second: Did the trial court commit prejudicial error in receiving evidence of oral statements of plaintiff to the effect that he agreed to arrange for the prepayment of the mortgage note held by the New York Life Insurance Company?*

The first question must be answered in the affirmative. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the findings of fact set forth above and each and every other material fact upon which the judgment was necessarily predicated.

■ The second question must be answered in the negative. The law is established in California that the true consideration or want of consideration for a contract may always be shown by extrinsic evidence. (*Royer* v. *Kelly,* 174 Cal. 70, 72 [161 Pac. 1148]; *Richardson* v. *Lamp,* 209 Cal. 668, 670 [290 Pac. 14].)

Defendant testified as follows with reference to conversations she had with plaintiff when she first discussed with him the question of selling her property:

"A. And he brought this offer and wanted me to sign it. It was that little blue slip, and I asked him why he didn't stipulate this was the consent of New York and the bonus that he was to pay, and he said that was all right, he would take care of it, and I refused to sign it."

"A. I wouldn't sign it, and I said I would have to have some letter, so we argued there possibly a half an hour and he brought his car and took me down to his office at my request and *had his stenographer write that letter that he would take care of everything for me.* Then I signed it in his office." (Italics added.)

"A. I told him—that is why I didn't sign it, in the first place, that I wanted to be sure and have everything taken care of with the New York Life, and he said that he would take care of everything."

"A. Yes, naturally. I had $26,000 then of New York Life's money. There was a mortgage against it, and Mr. Pearce,

I told Mr. Pearce that had to be taken care of before I could put another loan on it. He told me he would get the consent; he would take care of the details of the New York Life to pay that off, and would pay any brokerage. We discussed that before I signed anything.''

She further testified that when he submitted the second offer to her she refused to sign it until he gave her a letter signed by himself reading in part as follows:

''I hereby agree to assume bonus, if any, demanded by the Winter Investment Co., the holder of the present first deed of trust of $22,000.00 on the property, because of prepayment of loan.

''It is understood and agreed that you will cooperate with me in an effort to induce the Winter Investment Co. to waive any bonus collection in view of commission which you paid them for increase of the loan to $26,000 but which it is not now your intention to accept.''

From the foregoing it appears that the evidence received, of which complaint is made, was properly admitted as tending to prove a part of the true consideration for the transaction, and that, since plaintiff failed to obtain the consent of the holder of the mortgage note to its prepayment, there was a failure of consideration for the agreement which plaintiff had signed. Plaintiff failed to comply with the terms of his agreement and was not entitled to a commission.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1939.