[S. F. No. 18883.   In Bank.   Sept. 25, 1953.]

OAKLAND MEDICAL BUILDING CORPORATION (a Corporation), Respondent, v. CARMELITA AUREGUY, as Administratrix, etc., Appellant.

W. A. Lahanier and John F. Gallen for Appellant.

Marcel E. Cerf, Robinson & Leland and Emmet B. Hayes for Respondent.

TRAYNOR, J.—Plaintiff brought this action against the administratrix of the estate of Eugene Aureguy to enforce payment of a negotiable promissory note for $5,000 executed by decedent and made payable to plaintiff. The note was executed on November 5, 1948, and by its terms was payable on February 5, 1949. Judgment was entered on the pleadings for plaintiff, and defendant has appealed. The only question presented is whether an alleged oral agreement made contemporaneously with the execution of the note would, if proved, constitute a defense to the action. Defendant's answer alleged the following facts. Edmund Herscher was an officer and principal stockholder of both plaintiff and Andrew Williams Stores, Inc., and was the duly authorized agent of both corporations in their dealings with decedent. On November 5, 1948, Andrew Williams Stores owed decedent $10,000 for services rendered, and "EDMUND HERSCHER, representing to said decedent that he was acting on behalf of both corporations . . . promised and agreed that the sum of $5,000.00 would be advanced to said decedent by the OAKLAND MEDICAL BUILDING CORPORATION, to be repaid to said corporation by said decedent only upon receipt by said decedent of the $10,000.00 then owing to decedent from ANDREW WILLIAMS STORES, INC. . . . [P]ursuant to said representation, promise and agreement, and in reliance thereon, said decedent accepted said sum of $5,000.00 and executed a note therefor." No part of the $10,000 has been paid.

■ Ordinarily, in the absence of fraud, mistake, or a lack or failure of consideration, a prior or contemporaneous oral agreement that a promissory note is not to be payable according to its terms constitutes no defense to an action on the note. (*Bank of America* v. *Pendergrass*, 4 Cal.2d 258, 263 [48 P.2d 659]; *Alameda County Title Ins. Co.* v. *Panella*, 218 Cal. 510, 513-514 [24 P.2d 163]; *Pierce* v. *Avakian*, 167 Cal. 330, 332-333 [139 P. 799]; *Lindeman* v. *Coryell*, 59 Cal. App. 788, 791-793 [212 P. 47]; see, also, *Estate of Gaines*, 15 Cal.2d 255, 264-265 [100 P.2d 1055]; Civ. Code, § 1625; Code Civ. Proc., § 1856; 9 Wigmore on Evidence [3d ed.], § 2444, p. 143.) ■ Defendant contends, however, that the alleged oral agreement in this case shows that the delivery of the note was conditional. Section 3097 of the Civil Code provides in part that "As between immediate parties, and as regards a remote party other than a holder in due course . . . the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." The meaning of this provision was considered in *McArthur* v. *Johnson*, 216 Cal. 580 [15 P.2d 151]. In that case the trial court admitted parol evidence and found that " '. . . said note was delivered by the defendant to the plaintiff upon the understanding and condition that said note was to be paid wholly and solely from commissions that might thereafter become due to the plaintiff and the defendant in connection with their joint efforts in the sale of real property in Imperial County, California. . . .' " In reversing the judgment the court stated, "We are of the view that this finding does not bring into operation the above quoted provision of the statute. By the use of the phrase 'and not for the purpose of transferring the property in the instrument' is clearly meant the right to set up by parol conditions that will defeat the passage of the beneficial interest in the instrument. but this does not include conditions which concede the transfer of the property in the instrument and merely restrict the source of payment. Repeated holdings of other courts may be found making similar application of a provision of the Uniform Negotiable Instruments Act, which is identical with our own statute. (5 Uniform Laws Annotated, Negotiable Instruments Act, § 16, p. 97.)" (216 Cal. at 582-583; see also, *Security First Nat. Bank* v. *Rospaw*, 107 Cal.App.2d 220, 223 [237 P.2d 76]; *Van Fleet-Durkee, Inc.* v. *Oyster*, 91 Cal.App.2d 411, 413 [205 P.2d 32].)

█ The oral agreement pleaded in the answer in this case is legally indistinguishable from that in the McArthur case, and accordingly, could not render the delivery of the note conditional under section 3097.

Defendant contends that the alleged oral agreement shows, either that there was no consideration for the note, or that the consideration has failed because the Andrew Williams Company has not paid the $10,000 owed by it. █ If it were alleged that the Andrew Williams Company was the *alter ego* of plaintiff, the first of these contentions would have merit. In such case, plaintiff would in effect have been paying a part of its own indebtedness, there would be no consideration for the note, and it might also reasonably be contended that the note was intended only as a receipt. (See *Richardson* v. *Lamp,* 209 Cal. 668, 670 [290 P. 14]; *P. A. Smith Co.* v. *Muller,* 201 Cal. 219, 222-223 [256 P. 411]; *Boies* v. *Wylie,* 113 Cal.App.2d 243, 246-247 [248 P.2d 76]; *Cooper* v. *Cooper,* 3 Cal.App.2d 154, 158, 159 [39 P.2d 820]; *Allen's Collection Agency* v. *Lee,* 73 Cal.App. 68, 73 [238 P. 169].) Defendant did not allege, however, that the Andrew Williams Company was plaintiff's *alter ego.* She alleged only that Herscher was the principal stockholder of both corporations. There are no allegations indicating any abuse of the separate corporate entity privilege, and to treat the two corporations as one for the purposes of this action would result in prejudicing the rights of the minority stockholders of plaintiff in favor of those of the Andrew Williams Company.

█ If decedent had executed the note in exchange for an undertaking on plaintiff's part to collect his debt from the Andrew Williams Company for him, there would be merit in the contention that the consideration has failed. In such case he would not have received what he bargained for. (See *Muir* v. *Hamilton,* 152 Cal. 634, 636 [93 P. 857]; *Jefferson* v. *Hewitt,* 103 Cal. 624, 630 [37 P. 638]; *Harper* v. *French,* 29 Cal.App.2d 214, 216-217 [84 P.2d 216]; *Benjamin Moore & Co.* v. *O'Grady,* 9 Cal.App.2d 695, 699 [50 P.2d 847].) Decedent did not execute the note in consideration of any such undertaking, however, but in exchange for $5,000, which he received. Under these circumstances the failure of the Andrew Williams Company to pay its alleged debt did not constitute a failure of consideration. (*Lompoc Valley Bank* v. *Stephenson,* 156 Cal. 350, 351 [104 P. 449]; *Seth* v. *Lew Hing,* 125 Cal.App. 729, 736-737, 739-740 [14 P.2d 537, 15

P.2d 190] ; *College Nat. Bank* v. *Morrison,* 100 Cal.App. 403, 407 [280 P. 218].)

The judgment is affirmed.

Gibson. C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.