[Civ. No. 21676.   Second Dist., Div. Three.   Mar. 13, 1957.]

ADVANCE HARDWARE COMPANY (a Corporation), Appellant, v. PETER A. COMRAS, Respondent.

Sander Cotlow for Appellant.

Hahn, Ross & Saunders for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment awarding plaintiff $3,408.26 as the unpaid balance on a promissory note after allowing a credit claimed by defendant. Plaintiff's claim is that the credit should not have been allowed.

On August 20, 1949, defendant entered into an agreement with plaintiff's assignor, Advance Hardware Company of Pasadena, for the purchase of a hardware business. The agreement provided that the sales price would be "the total value of the inventory of said business as of August 21st., 1949 at prevailing wholesale prices plus the sum of one thousand dollars, ($1,000.00) for fixtures . . . ," payable $5,000 down, $15,000 when the seller had approved the sale by appropriate resolution and procured written consent to the assignment of a lease, $5,000 thirty days from the date of execution of the agreement, and the balance at the rate of $400 a month including 5 per cent interest. An escrow was opened on August 22. The contract of sale was deposited in the escrow.

The inventory was taken at the time the agreement was entered into. A "lot" of the items were priced and the inventory was sent to Union Hardware Company for appraisal with respect to items that could not be priced at that time. It was then deposited in the escrow. In order to complete the escrow prior to checking the inventory totals, defendant agreed to sign a promissory note for $25,345.46 subject to adjusting its face amount after an opportunity to verify the inventory totals. This was necessary because some of the inventory prices were not available at the time the parties wanted to close the escrow and the note had to be signed in order to close the escrow. Accordingly, on August 30 a further agreement was entered into. It read:

"The following is to be made part of the escrow for the purpose of expediting in taking possession and also the close of escrow.

"It is agreed between the seller and the buyer that the buyer is to accept the amount totaled on the inventory taken for the present.

"It is also agreed that at the close of escrow the buyer is to be given the opportunity to check the total figures on inventory that has been taken and in the event that any discrepancies are found as to pricing or through error in bringing out any of the extensions, the seller is to adjust the balance due from the buyer and given [sic] credit on the note that has been signed which carries monthly payments.

"In the event any discrepancies through error or otherwise arise where the seller has made an error whereas there may be an adjustment due the seller from the buyer, that also is agreed upon.

"The above is intended for pricing and the extension of pricing only."

On September 12, 1949, defendant executed the note for $25,345.46.

On September 17 plaintiff received a copy of the inventory from the escrow holder. At the close of the escrow, about September 21, defendant also received a copy. He totaled it and arrived at the figure $40,209.86. Thus the total consideration for the sale should have been about $41,209.86, including $1,000 for the fixtures, rather than $45,345.46.

Within a few days thereafter, defendant attempted to discuss the matter with the officers of plaintiff and its assignor. He called them once a week for several months but was "put off." He also wrote four letters to officers of plaintiff's assignor on October 15, 1949, December 17, 1949, January 12, 1950, and February 16, 1950, in which he expressed the desire to get together with them to go over the inventory and adjust the amount of the note, but without avail. Defendant paid $18,413.88 on the principal of the note. The action is for $6,913.88, the difference between the amount paid and the amount of the note.

The court found: defendant executed the note to facilitate the closing of the escrow and in reliance on the agreement of August 30; the total of the inventory was fixed at $44,345.46 for the purpose of closing the escrow subject to revision under the agreement of August 30, plus an additional $1,000 for fixtures, totaling $45,345.46, from which was deducted the $20,000 paid into escrow by defendant; immediately following the close of escrow defendant checked the inventory by totaling the figures and determined that it totaled $40,209.86; immediately thereafter defendant advised plaintiff's assignor of the difference in the inventory and attempted to meet with the officers of plaintiff's assignor and the officers of plaintiff for the purpose of adjusting the difference in accordance with the agreement of August 30; the officers refused to meet with defendant; the true total of the figures of the inventory was $40,209.86 rather than $44,345.46; by reason of the foregoing defendant was entitled to credit of $4,135.60 against the amount of the note. Judgment for plaintiff followed for $3,408.26.

Plaintiff contends: 1. The findings are outside the issues made by the pleadings. 2. The findings are not supported by the evidence. 3. The findings do not support the judgment. The contentions are untenable.

The defense was that there was a partial failure of consideration. The answer, the proof, and the findings were all to the effect that the amount of the note was to be based on the actual amount of the inventory, a tentative amount was agreed on to facilitate closing the escrow, and the note was executed. The correct amount of the inventory was $4,135.60 less than that originally fixed. Thus the consideration for the note failed in that amount. Partial failure of consideration is a *pro tanto* defense in a suit on a note. (Civ. Code, § 3109; *Benjamin Moore & Co.* v. *O'Grady,* 9 Cal.App. 2d 695 [50 P.2d 847]; *Benson* v. *Andrews,* 138 Cal.App.2d 123, 132 [292 P.2d 39].) The court having found on substantial evidence that defendant was entitled to a credit of $4,135.60 against the amount of the note, a failure of consideration in that amount was established. (*Benjamin Moore & Co.* v. *O'Grady, supra,* 699.)

It is evident the findings are not outside the issues, they are supported by the evidence, and they support the judgment. The appeal borders on the frivolous.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1957.