[Civ. No. 23357.   Second Dist., Div. Two.   Mar. 18, 1959.]

TRAVELWORLD, INC. (a Corporation) et al., Respondents,
v. NATE MARGOLIN, Appellant.

Morse & Selwyn for Appellant.

Forster & Gemmill and Donald W. Crocker for Respondents.

ASHBURN, J.—Action upon a promissory note for $25,000 brought by the payee, Travelworld, Inc., against the maker, Nate Margolin who appeals from an adverse judgment.

The answer to the complaint asserted want of consideration, conditional delivery and an agreement that the note would be paid solely out of funds realized from operation of the S.S. Mazatlan by Margo-Pacific Lines, Inc.  The trial judge held that pretrial stipulations had ruled out the defenses of want of consideration and conditional delivery and that the claim as to payment of the note solely from earnings of Margo-Pacific Lines, Inc., was an attempt to vary by parol the terms of the note, precluded by such cases as *Bank of America* v. *Pendergrass*, 4 Cal.2d 258 [48 P.2d 659], and *Oakland Medical Bldg. Corp.* v. *Aureguy*, 41 Cal.2d 521 [261 P.2d

249]. Appellant makes no claim of error in these rulings but asserts prejudicial error in the exclusion of evidence offered in support of his cross-complaint.

That cross-complaint was directed at plaintiff Travelworld, Inc. and Kent Harris who was sole owner and chief executive officer of said corporation. It sounds in fraud, alleged to have been committed by Harris upon defendant Margolin, which induced him to purchase the S.S. Alaska, with disastrous results. Travelworld, Inc. was engaged in the travel agency business in Los Angeles, and defendant went to see Kent Harris concerning travel agency representation for a hotel which he planned to build at Mazatlan, Baja California, Mexico. Growing out of this conversation defendant caused a Liberian corporation to be organized under the name Margo-Pacific Lines, Inc., purchased for $86,000 the S.S. Alaska and transferred it to said corporation. The ship had been built for Alaskan trade and was not equipped for service in warm climates. Before purchasing it cross-complainant caused a survey to be made to determine the practicability and expense of converting it for use as a cruiser ship between San Diego and Acapulco, Mexico. It was placed in such service but met with disaster upon its first trip; was towed back to San Diego and the corporation promptly went into bankruptcy.

The cross-complaint has seven paragraphs of misrepresentations alleged to have been made by Harris and relied upon by Margolin. The trial court found that Harris made the following representations and no others: ''(a) That a certain Steamship known as the S.S. Alaska was available for purchase. This representation was a true statement of fact. (b) That cross defendant Kent Harris had made a study of the prospects for tourist travel over a period of five years. This representation was a true statement of fact. (c) That he, cross defendant Kent Harris, had heard a rumor that the S.S. Alaska could be purchased for $86,000.00. This representation was a true statement of fact.'' Also found: ''The Court finds that except as herein otherwise specifically stated, the cross defendants made no representations of fact to the cross complainant, and that all representations of fact which were made were true statements of fact, and that cross defendants, and each of them, believed the same to be true statements of fact. The Court further finds that cross complainant did not rely upon any representations made by cross defendants. The Court further finds that the cross complainant was not damaged in any sum whatsoever by any repre-

sentations made by cross defendants, or either of them.'' This last quoted language points to the fact that most of the representations alleged by cross-complainant were statements of opinion only.

Appellant does not challenge the sufficiency of the evidence to support the findings but relies upon 13 assignments of error in the exclusion of proffered evidence. Most of the questions to which objections were sustained related to representations made after the ship was purchased or to incidents occurring in the operation of the enterprise. Others sought to elicit conclusions or opinions expressed by Harris or were not within the scope of the averments of the cross-complaint. Examination of the individual assignments discloses no error. The fact that the court found that the alleged representations to which the respective questions related were not made and the further fact that those findings are impliedly conceded to be supported by substantial evidence demonstrate that there was no miscarriage of justice in sustaining the objections in question, if indeed any error were to be found in any of the rulings.

Appellant also argues error in denying his motion for new trial but that contention embraces the points just discussed and nothing more.

The attempted appeal from order denying motion for new trial is dismissed; the judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.