WILLIAM DEIERLING, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. CARRIERS OF LIVE STOCK: Negligent Delay. Plaintiff sued for damages to mules caused by unreasonable delay in their transportation. Plaintiff directed defendant's agent to bill the mules to Centralia, which he agreed to do, accepted payment of freight to that point and issued a receipt therefor. Plaintiff then signed a contract giving East St. Louis as the destination. This was done, as on many former occasions, to have the mules taken on a fast freight train, but was to be otherwise disregarded by the parties. The mules were carried to East St. Louis and then brought back to Centralia. Held, that it was the duty of defendant to set the cars out at Centralia, and its failure to do so was a negligent breach of such duty for the injurious consequences of which it must respond in damages.

2. **PLEADING: Ex Delicto.** Where the cause pleaded is *ex delicto*, the carrier, if it would rely on the provisions of a written contract restrictive of its common law liability must plead and prove the existence of such a contract.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*J. L. Minnis* and *Higbee & Mills* for appellant.

*W. M. Saxbury* and *Fogle & Fogle* for respondent.

JOHNSON, J.—This is an action by a shipper of live stock against a common carrier to recover dam ages resulting from unreasonable delay in the transportation of the stock. The petition alleges "that on the thirtieth day of September, A. D. 1909, he caused to be delivered to the defendant at said city of Queen City, and defendant accepted and received of and from the plaintiff certain live stock, as follows: Twenty-seven head of mules belonging to the plaintiff, to be transported and carried from said city of Queen City to said city of Centralia; that it was the duty of the defendant to transport and carry said live stock from said city of Queen City to said city of Centralia, and deliver the same to the plaintiff or his agents at said city of Centralia, within a reasonable time and without unnecessary delay and in a safe and good condition; that a reasonable time for the defendant to transport and carry said live stock from said city of Queen City to said city of Centralia and deliver the same as aforesaid was not to exceed the morning of the first day of October, A. D. 1909. But the plaintiff says that the defendant so carelessly and negligently conducted itself in the premises aforesaid that by reason thereof it did not transport and carry and deliver said live stock within a reasonable time and without unneces-

sary delay and in a safe and good condition, but that the defendant transported and carried and delivered said live stock to the plaintiff at said city of Centralia on the third day of October, A. D. 1909.''

The answer in addition to a general denial pleads that the shipment was carried pursuant to a written contract entered into by the parties before the transportation began; that by the terms of the contract the destination of the shipment was not Centralia but East St. Louis, Ill., and that the contract contained a stipulation to the effect that plaintiff released and waived any cause of action that may have accrued to him by reason of any written or verbal contract prior to the execution of said contract. The reply admitted the signing of the contract as pleaded in the answer and alleged ''that said contract was without consideration and void.'' A jury was waived and the court, after hearing the evidence, rendered judgment for plaintiff. Defendant appealed.

Defendant offered no evidence and the evidence introduced by plaintiff discloses the following facts: For a number of years defendant had permitted plaintiff to make shipments of mules from Queen City to Centralia on a certain fast stock train which we gather from the evidence was specially devoted to the transportation of live stock to the St. Louis market in East St. Louis. It had been the custom of defendant in each instance to require plaintiff to sign a written live stock contract which, on its face, designated the National Stock Yards at East St. Louis as the destination of the shipment, but defendant charged and collected only for transportation to Centralia, gave that station as the destination in the bill of lading or receipt issued to plaintiff, and on the way bills made the notation ''Stop at Centralia to fill'' and in every respect treated Centralia as the destination ignoring the provisions of the live stock contract. This custom was followed in the present instance.

Plaintiff orally directed the agent of defendant at Queen City to bill the mules to Centralia, the agent agreed to do so, accepted payment of the freight charged on the basis of the regular tariff for shipments from Queen City to Centralia, issued a receipt to plaintiff giving Centralia as the destination and after all this was done, plaintiff signed the written contract pleaded in the answer which designated East St. Louis as the destination. On the way bills made by the agent appeared the notation "Stop at Centralia to fill" and under this direction the conductor of the train should have set out the cars containing the mules at Centralia. Instead of doing so he carried them on to East St. Louis and after defendant discovered the mistake, it returned the shipment to Centralia and delivered it to the consignee without demanding payment for the transportation from Centralia to St. Louis and thence back to Centralia. The delay occasioned by the unnecessary carriage of the animals to St. Louis caused the damages plaintiff seeks to recover in this action.

Counsel for defendant argue that the demurrer to the evidence should have been sustained and ground their argument on the proposition that in view of the admitted fact of the execution of the written contract by plaintiff, the reciprocal rights and duties of the parties are controlled entirely by the terms of that instrument which cannot be varied or changed by evidence of prior or contemporaneous oral agreements and, therefore, since that contract in plain and unambiguous terms designated East St. Louis as the destination of the shipment, the court erred in sustaining a cause of action resting on an alleged antecedent oral agreement that the transportation should end at Centralia. The recent decision of this court in the case of Banks v. Railroad, 153 Mo. App. 469, is relied on by defendant as supporting its argument. In that case the cause of action pleaded in the petition and asserted throughout the trial was a breach of the terms of the

written contract of affreightment, and we applied the well-known rule that while oral evidence may be admitted to explain ambiguous terms in a written contract, it cannot be received to add new terms to such contract or to vary those expressed.

But in the present case the cause pleaded in the petition is not founded on a breach of contract but on a breach of the common law duty of defendant as a common carrier to employ reasonable diligence and care in the carriage of a shipment accepted by it. The duty of a common carrier to receive property offered for carriage when such offer is accompanied by a tender of the regular charge for such service and to transport the property with reasonable care and diligence does not originate in contract and though a contract of affreightment be signed by the shipper, he may sue for a breach of the common law duty as upon a cause *ex delicto,* or he may sue for a cause founded upon a breach of the contract. [Lupe v. Railroad, 3 Mo. App. 77; Wernick v. Railroad, 131 Mo. App. 37; Creamery Co. v. Railroad, 128 Mo. App. 420.]

Where, as here, the cause pleaded in the petition is *ex delicto* and not *ex contractu,* the carrier, if it would rely on provisions of a written contract restrictive of its common law liability must plead and prove the existence of such contract. [Lupe v. Railroad, supra.] The answer does plead a shipping contract and the reply admits its execution by plaintiff but the extent of such admission was that the contract was valid so far as its execution was concerned. [Johnson v. Woodmen, 119 Mo. App. 102.] Plaintiff did not admit that the mules were transported under that contract nor that the provisions of the contract restrictive of defendant's common law liability were valid. On the contrary the reply alleges that the contract was without consideration and, therefore, void.

With the pleadings in such condition, plaintiff was not precluded from proving that the shipment was not

carried under the terms of the written contract and
that since the mutual intention of the parties was to
treat the written contract as nugatory, as a mere form
to justify defendant in carrying the mules on the St.
Louis fast train, that instrument was void for want
of a consideration. [Grierson v. Mason, 60 N. Y. 394;
Earle v. Rice, 111 Mass. 17; McNeill v. Railway, 86
S. W. Rep. 32.]

The uncontradicted evidence shows that pursuant
to a long course of dealing of which defendant is pre-
sumed to have known and to have acquiesced in, ship-
ments were received from plaintiff for Centralia and
that the shipping contracts showing St. Louis as their
destination were not intended to have any relation to
such shipments but were to be disregarded. The bills
of lading and way bills and the charging of freight
only to Centralia show beyond question that these ship-
ments, including the one in controversy, were accepted
as common law shipments. It was the duty of defend-
ant to set the cars out at Centralia and its failure so
to do was a negligent breach of such duty for the in-
jurious consequences of which it must respond to plain-
tiff in damages.

Finding no prejudicial error in the record, the
judgment is affirmed. All concur.