## THE OAK RIDGE COMPANY

*v.*

## JOHN TOOLE.

[Decided November 1st, 1913.]

1. Where the parties to an agreement stipulated at the time it was made that it was to have no binding effect upon them, such an agreement, though executed, was of no force and effect at law or in equity.

2. Parol evidence is admissible in equity to show for what purpose a written agreement to repurchase land was executed.

---

*Mr. Maximillian M. Stallman,* for the complainant.

*Mr. Frank Smit,* for the defendant.

LEWIS, V. C.

The defendant in this case entered into a written agreement with the complainant to convey a tract of land on East Thirty-third street, in the city of Paterson, New Jersey, fifty feet by one hundred and twenty-five feet, as part consideration for a house and lot conveyed to the defendant. The defendant in making the conveyance presumed that he had legal title to

the lots but after entering into the agreement, the parties discovered that he had title only to a tract one hundred feet in depth. When the complainant discovered the defective title, he called upon the defendant to secure the additional twenty-five feet provided for in his deed to the complainant. They had some consultations about the matter and finally met in the office of Sherwood & Lockwood, real estate agents in the city of Paterson, New Jersey; at the time of the meeting they were accompanied by their respective attorneys. After some discussion of the subject of meeting, they entered into an agreement wherein the defendant contracted that if he didn't perfect his title to the premises, 298 and 300 East Thirty-third street, Paterson, New Jersey, the tract in question, within two months from that date, that he would purchase from the Oak Ridge Company said premises at the price of $2,000. The agreement is as follows:

"PATERSON, N. J., April 13th, 1912.

"Whereas on the thirteenth day of April, nineteen hundred and twelve, John Toole and Margaret Toole, his wife, of the city of Paterson, did give a warranty deed of property known as Nos. 298 and 300 East 33d street, Paterson, N. J., to the Oak Ridge Company, a corporation of the State of New York, and whereas it appearing that the said John Toole and wife did not have title to the rear portion of said lots, fifty by twenty-four feet, now therefore, it is agreed by and between the parties hereto that if said John Toole does not perfect his title to the said parcel within two months from the date hereof by delivering to Mr. H. J. Hapgood, treasurer of the Oak Ridge Company, evidence that he, the said John Toole, has secured and recorded a deed for said rear portion, it is further agreed by and between the parties hereto that if the said John Toole is unable to perfect title as herebefore stated then and in that event, he agrees to purchase from the Oak Ridge Company the said property, Nos. 298 and 300 East 33d Street, for and at the price of two thousand dollars.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

"Signed, sealed and delivered      "Signed,   JOHN TOOLE.
in the presence of       ·      "Signed,   THE OAK RIDGE Co.,
     "ALBIN SMITH.                 "H. J. HAPGOOD,
                                      "*Treasurer.*"

The evidence of the complainant was that the defendant did not perfect his title in the manner aforesaid and that it is entitled to a decree compelling the defendant to repurchase the land for $2,000. The defendant admits the execution of the

agreement and insists that the contract in question was signed by the parties for "selling purposes," on the understanding that it would not be considered binding on the defendant. The treasurer of the Oak Ridge Company at the hearing was the only witness for complainant and insisted that no such understanding had been had or arrangement been made. The defendant alleged that he had given complainant the agreement upon the representation of Mr. Hapgood, that there would be no trouble about it, that it would not be used at any time, and that his company simply wanted it for "selling purposes." The defendant was corroborated by the testimony of his attorney, Mr. Lynch, and by a witness, Miss Lockwood; both these witnesses stated that they heard the conversation between Mr. Toole and Mr. Hapgood, treasurer of the Oak Ridge Company, to the effect that the price named in the agreement was placed there for "selling purposes" and that there was no understanding between the parties that Toole should take back the lots at the sum of $2,000.

The complainant's attorney, who was as heretofore stated, present at the time of the meeting in the office of Sherwood & Lockwood, testified that his understanding at the time of the execution of the agreement was that the sum of $2,000 was inserted in it for "selling purposes." It has transpired since the making of the agreement that the defendant has perfected his title to the premises in question and that he has offered to deed the complainant the additional property. A letter was offered in evidence showing that in July, about two or three months after the two months had expired, fixed in the agreement for the payment of the $2,000, the complainant called upon Toole to make good his agreement. There was a further extension of time granted to the defendant Toole, by the complainant, but what period of time that extension covered is not shown clearly by the evidence, except that it was very indefinite. It is unnecessary, however, for the disposition of this case to deal with the evidence regarding the extension of time granted by the complainant to the defendant for the fulfillment of his contract. The defendant's solicitor did not urge this branch of the case upon argument. He rests his defence upon the ground that the agreement, while signed by his client, was to have no

binding effect upon him. I think his position is well taken and I agree with his view of the case. In *O'Brien* v. *Paterson Brewing and Malting Co., 69 N. J. Eq. (3 Robb.) 117,* practically all the questions involved in this issue are thoroughly and exhaustively discussed by the learned vice-chancellor. This case, it seems to me, establishes the rule, that if the parties to an agreement stipulated at the time that it was made that it was to have no binding effect upon them, then, notwithstanding their execution of the agreement, such a contract is of no force and effect at law or in equity. The rule now so well established in equity, admitting parol evidence to show for what purpose the written agreement was executed, was properly invoked by the defendant. The evidence leaves no doubt in the court's mind that in this issue the agreement between the complainant and the defendant was made for the purpose as stated by the latter and his witnesses. It is inequitable and unjust, therefore, for the complainant to enforce the agreement of April 13th. I think the defendant in finally offering a deed to the complainant for the additional property, has done all that is required of him, and if the complainant asks it, will give him relief by a decree directing the defendant to make the conveyance as aforesaid.

The precise terms of the decree may be settled by me upon notice.