[S. F. No. 11413.   In Bank.—May 16, 1927.]

## P. A. SMITH CO. (a Corporation), Appellant, v. F. A. MULLER, Respondent.

[1] CONTRACTS — EXECUTION — INTENTION — EVIDENCE. — Evidence that parties never intended a writing to constitute a contract, but that in lieu thereof another contract was entered into between them, is not objectionable under the parol evidence rule. Such evidence does not change a written contract by parol, but serves to establish that such contract had no force, efficacy, or effect.

[2] ID.—AGENCY—AUTHORITY—FRAUD.—In an action to recover the purchase price of plate glass, in which plaintiff relies upon certain writings claimed by it to have been executed, but which defendant alleges it was orally understood should not constitute a contract, the contention by the plaintiff on appeal that the writings were executed in its behalf by an agent who had authority to make such a contract for it, but that it is not shown that such agent had authority to enter into the oral agreement upon which the defendant relies, cannot be

---

1.   See 10 Cal. Jur. 929; 10 R. C. L. 1051.

maintained, as to accept this contention would be to sanction a fraud in the interest of the appellant because the principal perpetrated it through an agent.

___

(1) 22 **C. J.,** p. 1213, n. 59, p. 1214, n. 60, p. 1283, n. 93.    (2) 2 **C. J.,** p. 671, n. 16; 4 **C. J.,** p. 649, n. 36.

APPEAL from a judgment of the Superior Court of Alameda County. H. L. Preston, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

F. L. Hatch and Harry G. McKannay for Appellant.

Harrison S. Robinson, Harry L. Price and R. W. Macdonald for Respondent.

WASTE, C. J.—Plaintiff brought an action against the defendant for the purchase price of plate glass alleged to have been sold to defendant but which defendant refused to accept. The trial court found that certain writings signed by the parties, and on which the plaintiff relied, were not intended to be contracts, but were signed, and duplicates thereof exchanged, pursuant to an oral understanding and agreement that the writings should not, and did not, constitute a contract between the parties, and that they were not delivered as a contract. Judgment was therefore entered for the defendant, and plaintiff has appealed.

The plaintiff corporation is engaged in the selling and furnishing of glass and plate glass. The defendant is engaged in the building business. Plaintiff's causes of action were based upon writings, similar in form, one of which reads as follows:

"P. A. SMITH CO.,
"Glass
"Oakland, Cal., April 27, 1923

"No. 97
"Mr. F. A. Muller
"We will perform the labor and furnish the GLASS necessary to glaze the building at W.-sie 23rd Ave. bet. E.

14th & E. 12th St., Owner Mr. McElhinney, Architect, East Bay Planners, in accordance with plans & Specif- we will furnish and set plate for the sum of 65 off list; net cash. Disclaiming all liability for delay occasioned by strikes, labor troubles or other causes beyond our control. This bid does not include the cleaning of glass or replacing glass broken by others.

"EXCEPTIONS: If any cement              P. A. SMITH CO.
corners they will be extra at              Per S. H. Sorrell
1.00 per lin. ft.

"ACCEPTED:

"F. A. MULLER.

"This quotation subject to ——— days acceptance from date."

The defendant denied that any contract for the purchase of glass was, in fact, entered into. He further pleaded, as a special defense, and the court found, that in the spring of 1923 it was common knowledge among those engaged in the building business, and was represented by the plaintiff to the defendant, that there was a shortage of plate glass available for building purposes, and that on account of the shortage plaintiff would not be able to get a sufficient supply of glass to do an active business in Alameda County unless it were able to show a considerable number of accepted orders. Plaintiff orally proposed to defendant that, whenever defendant had the prospect of securing a building contract, plaintiff would make out a bid for the furnishing of the plate glass therefor at current list prices less a discount of sixty-five per cent; that, in order to enable plaintiff to secure glass from the manufacturers, the defendant should thereupon sign an acceptance of the bid; that the writing should not in fact constitute an accepted bid, but, in case the defendant became the builder on the job referred to in the bid, and had the letting of the subcontract for glass or plate glass, plaintiff would make a competitive bid therefor, the defendant to award the subcontract to the lowest bidder. Pursuant to such oral understanding between the parties a number of purported bids were offered by plaintiff, and signed as accepted by the defendant; but the buildings with reference

to which the bids were made were never built, or the defendant was not awarded the contract for their construction. On April 12, and again on April 27, 1923, in anticipation of the defendant being a successful bidder on contracts about to be awarded, the plaintiff tendered purported bids to the defendant for performing the labor and furnishing the glass required for two buildings. The procedure theretofore orally agreed upon by the parties was carried out, but in neither instance was the plaintiff the lowest bidder, and the contract for glass on each job was awarded to another. Based on these findings the trial court concluded that no contracts for the sale and purchase of glass had, in fact, been entered into between the parties.

The appellant objected to the introduction of any evidence in the court below in support of the special defense, and is here contending that the action of the court was in violation of section 1698 of the Civil Code, which provides that a contract in writing can only be altered by a contract in writing or by an executed oral agreement, and not otherwise. The objection was overruled, and the evidence received by the trial court, upon the theory that such evidence was admissible, not to vary the terms of a written instrument, but in support of the contention of the defendant that the writings sued upon were sham, and executed for the purpose of influencing third persons, and that the oral agreement set out in the special defense was the only contract entered into between the parties.    [1] It is well settled by the decisions in many jurisdictions that evidence that parties never intended a writing to constitute a contract, but that in lieu thereof another contract was entered into between them, is not objectionable under the parol evidence rule. Such evidence does not change a written contract by parol, but serves to establish that such contract had no force, efficacy, or effect. (*Grierson* v. *Mason,* 60 N. Y. 394; *Woodard* v. *Walker,* 192 Mich. 188 [158 N. W. 846]; *Humphrey* v. *Timken Carriage Co.,* 12 Okl. 413 [75 Pac. 528]; *Oak Ridge Co.* v. *Toole,* 82 N. J. Eq. 541 [88 Atl. 827]; *Birely & Sons* v. *Dodson* (a case much like the case at bar), 107 Md. 229 [68 Atl. 488]; *Robinson* v. *Nessel,* 86 Ill. App. 212; *Deierling* v. *Wabash R. Co.,* 163

Mo. App. 292 [146 S. W. 814].) "The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought. But the rule has no application if the writing was not delivered as a present contract. The authorities supporting these views are numerous . . . (citing cases)." (*Burke* v. *Dulaney,* 153 U. S. 228 [38 L. Ed. 698, 14 Sup. Ct. Rep. 816, see, also, Rose's U. S. Notes].) In *Coffman* v. *Malone,* 98 Neb. 819 [L. R. A. 1917B, 258, 154 N. W. 726], the court held parol evidence to be admissible to show the parties to the action had mutually agreed that the purported written contract which the plaintiff was seeking to enforce was never to be performed, but was a mere sham, executed for the purpose of influencing the conduct of a third person. Other decisions which support the rule followed by the trial court in this case are collected and referred to in the concurring opinion to *Coffman* v. *Malone, supra,* and in the note to that case found in L. R. A. 1917B, page 263. The principle seems to be so well established that we deem further citation unnecessary. The decisions relied on by the appellant (*Graham* v. *Savage,* 110 Minn. 510 [136 Am. St. Rep. 527, 19 Ann. Cas. 1022, 126 N. W. 394]; *Hendrickson* v. *Evans,* 25 Pa. St. 441; *Grand Isle* v. *Kinney,* 70 Vt. 381 [41 Atl. 130]) do not overcome the weight of authority of the cases above referred to. The effect of *Graham* v. *Savage* on the point we are here considering appears to have been nullified by a subsequent decision in the same state. (*Summit Mercantile Co.* v. *Daigle,* 146 Minn. 218 [178 N. W. 588].) *Hendrickson* v. *Evans,* decided in 1855, has but little significance, for the courts in Pennsylvania hold it to be "settled beyond all dispute," in that state, "that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, though it may vary and materially change the terms of the contract." (*Croyle* v. *Cambria Land & Imp. Co.,* 233 Pa. St. 310 [82 Atl. 360]. See, also, the cases collected in the note to 20 A. L. R. 483.) In the recent case, *Kinnear & Gager Mfg. Co.* v. *Miner,* 88 Vt. 324 [92 Atl. 459], the chief justice and one of the associate justices vigorously dissent from the minor-

ity rule announced in *Grand Isle* v. *Kinney, supra,* and advocate the application of the rule that parol evidence should be admissible to show that a writing never had any force as a valid contract.

[2] . Appellant contends the special defense interposed by the respondent is not supported by the evidence. Its argument is that the writings upon which it relies were executed in its behalf by an agent who had authority to make such a contract for it, but it is not shown that such agent had authority to enter into the oral agreement upon which the respondent relies. We are not impressed with the argument. To accept the contention would be to sanction a fraud in the interest of the appellant because the principal perpetrated it through an agent. (*Humphrey* v. *Timken Carriage Co., supra.*)

The conclusion we have reached, that the trial court was correct in holding that the writings relied on by the appellant did not amount to contracts entitling it to recover on either count, renders it unnecessary to consider the contention of the respondent that the appellant did not make a legal offer of performance, for the reason that such offer was not followed by segregation and storage of the glass called for. For the same reason, we are not required to pass upon the contention of the appellant that the findings do not support respondent's position.

The judgment is affirmed.

Preston, J., Langdon, J., Curtis, J., Richards, J., and Seawell, J., concurred.