The bill in this suit was filed for the purpose of compelling the defendant, Benjamin Cohen, to convey a piece of property to the complainant, Abraham Cohen, known as 95 Market street, Paterson, New Jersey, under and by virtue of a contract of sale made and executed on June 18th, 1925. Under the agreement the deed was to be delivered on or before January 2d 1926, upon the complainant complying with certain conditions set forth in said agreement, and which agreement was duly recorded in the register's office of Passaic county on July 20th, 1925. The defendant admits the execution of said contract as set forth in the bill of complaint, but claims that said contract was signed after a verbal agreement with complainant to the effect that if the children of defendant, and the defendant, became reconciled before the date for the delivery of the deed, then said agreement was to be null and void, and the complainant was to be entitled to damages of five hundred dollars ($500), together with the return of two thousand dollars ($2,000) deposited at the time of execution. *Page 402 
Under this agreement two thousand dollars ($2,000) was paid upon the execution of the agreement, which is now in the possession of defendant; fourteen thousand dollars ($14,000) was to be paid in cash upon the delivery of the deed; nine thousand dollars ($9,000) was to be paid by the assignment to the defendant of two mortgages, owned by complainant, and a purchase-money mortgage of twenty thousand dollars ($20,000), for a period of one year, was to be executed to the defendant by the complainant upon delivery of title to them, the time fixed for the completion of the contract was January 2d 1926.
It appears by the testimony that some time prior to June 18th, 1925, the defendant, who at that time was a widower, his wife having died some time prior thereto, and at that time had three sons and two daughters, became embroiled with his children regarding a rumor that he, the defendant, was going around with another woman, which was resented by the children, and the remonstrances of the children became so insistent that the defendant and his children became unfriendly towards each other to such an extent that there was no conversation between them. This feeling of animosity was told and explained to the complainant, Abraham Cohen, by the defendant, before anything was said about the purchase of the property in question by the complainant from the defendant. This is admitted by the complainant, Abraham Cohen, and it was only after the complainant knew of the trouble between the defendant and his children, and after frequent visits by the complainant to the defendant, that anything was said about selling the property. The complainant went to the defendant's store every day for the purpose of prayer. Complainant sympathized with him and visited him, his store being next door, until finally the complainant spoke to the defendant about buying the property. The complainant denies that the defendant agreed to sell him the property for forty-five thousand dollars ($45,000) with the understanding that in case the defendant and his children should become reconciled, in that event the contract for sale was to be null and void. *Page 403 
The complainant produced no witnesses in substantiation of his denial that an agreement accompanied the signing of the contract that it was not to be effective if the defendant made up with his children before the date for the delivery of the deed.
The evidence satisfies me that no deed was to be given in case the defendant did become reconciled with his children before the date set for the delivery of the deed, and I allowed parol testimony to be put in evidence to establish that fact.
There is no doubt that parol evidence is admissible to show the existence of some contingency or condition affecting the operation and effect of a written contract. 22 Corp. Jur. 1148
§ 1540; O'Brien v. Paterson Brewing and Malting Co., 69 N.J. Eq. 131; Oak Ridge Co. v. John Toole, 82 N.J. Eq. 541.
I shall advise a decree in accordance with these views.