[Civ. No. 7189. Second Appellate District, Division Two.—September 23, 1932.]

J. D. McBRIDE, Appellant, v. D. G. DORR et al., Respondents.

J. D. McBRIDE, Appellant, v. D. G. DORR et al., Respondents.

Kennicott & Williams for Appellant.

Salisbury & McNeil, Halverson & Halverson, Byron Halverson and B. R. Ware for Respondents.

CRAIG, Acting P. J.—Two actions upon promissory notes were consolidated for the purposes of trial in the superior court, upon which a judgment adversely to the plaintiff's demands was rendered, and he appealed.

Many asserted grounds assigned for reversal are resolved by the appellant into three concise comprehensive inquiries which are presented for determination. Briefly stated, the questions to be decided are, as to whether or not said notes were completely executed, were based upon an illegal consideration, and, whether or not any consideration was given therefor. Since each of these questions arises from specifications of insufficiency of the evidence, it becomes apparent that if there was sufficient substantial evidence before the trial court to support the findings of fact and judgment, upon any hypothesis, as to the third specification, the judgment cannot be set aside. (*Chaplin* v. *Amador*, 93 Cal. App. 358 [269 Pac. 544].) ▮ It appeared that the plaintiff and others as promoters and directors of a corporation each furnished funds with which the same was established and qualified to issue shares of its capital stock in this state, that at the instance of the board of directors statements of their respective investments were directed to be prepared, and McBride was given promissory notes, renewals of which were the subject of the instant controversy, as evidences of his advancements pending the issuance of certificates of stock therefor. It was contended at the trial and is here urged that said notes represented an indebtedness of the appellant's copromoters, yet a witness whose evidence is relied upon by all of the parties, and who was familiar with the transaction, testified that the board decided to determine, when in funds, from the sale of stock which if any items should be adopted, ratified and paid as the indebtedness of the corporation; and to quote: "The Court: Paid out of this money that came in? A. No, paid by the issue of capital stock. That is my recollection, that it was to be paid by the issue of capital stock to those persons who had incurred this expense." "In helping organize the company, he [McBride] was to have issued to him the number of shares of stock stated in the application. In addition to that, in addition to those shares he was to have issued to him stock up to the amount of cash that he had advanced." It is conceded in effect that upon the advice of their counsel the board ultimately decided not to issue any stock, although authorized so to do by a permit from the division of corporations. From this and other evidence of like import the trial court may well have con-

cluded that the instruments in question were not intended as contracts or evidences of financial obligations, but that they were executed pursuant to an oral understanding of a contemplated stock issue, as evidences of an investment in a common enterprise. (*Smith Co.* v. *Muller,* 201 Cal. 219 [256 Pac. 411]; *Gleeson* v. *Dunn,* 113 Cal. App. 347 [298 Pac. 119].)

Since it inevitably follows that there was no consideration for the instruments upon which the action was founded, the question as to their due execution becomes moot.

The judgment is affirmed.

Thompson (Ira F.), J., and Stephens, J., *pro tem.,* concurred.