[Civ. No. 12324.    First Dist., Div. Two.    Dec. 1, 1943.]

BENJAMIN B. UNGER, Appellant, v. WALTER G. HALL et al., Respondents.

William H. Hollander and Albert K. Whitton for Appellant.

McClymonds, Wells & Wilson for Respondents.

NOURSE, P. J.—Plaintiff sued for a commission for services in procuring a lease of real property owned by defendants. The cause was tried without a jury and defendants had judgment.

The facts are not disputed. Plaintiff for many years past was a real estate broker. In 1937 he negotiated for defendants a ten year lease of the premises. Rubin, the lessee, got into financial difficulties and in 1940, while his affairs were in the bankruptcy court, the plaintiff approached the defendants, assured them that Rubin would be compelled to abandon the premises, and persuaded them to permit him to negotiate a lease with a new tenant. Testimony was offered over objection of plaintiff disclosing these facts and the separate oral agreement between the parties that, in the event the Rubin lease could not be terminated, the plaintiff would

not seek, or be entitled to, a commission for procuring the new lease.

The trial court found in accord with this evidence: "That it was expressly stated and understood between plaintiff and defendants, both before and at the time of the execution of said agreement hereinbefore set forth, that no compensation would be payable to or received by plaintiff unless Rubin, the tenant then in possession were evicted or evacuated from said premises so that possession could be delivered to the lessee obtained by plaintiff, and that plaintiff undertook that matter of securing a new tenant upon such express understanding and agreement." There is no contention that the evidence does not fully support this finding.

The appellant grounds his attack upon the judgment upon the argument that the evidence was improperly admitted to prove this issue because it tended to vary the terms of the written document by parol. The respondents reply that the evidence was admissible to show a condition precedent, the happening of which was essential to give the document binding force. The appellant also contends that this evidence was inadmissible because the condition of the oral contract was not pleaded, and that, having received part payment of the contract, the agreement as a whole was affirmed by respondents.

From our review of the authorities we are satisfied that the evidence objected to was properly admitted, and, since it was by this evidence alone that the true story was presented to the trial court, the case illustrates the soundness and propriety of the rule which permits a case of this kind to be determined upon the true facts.

*Gleeson* v. *Dunn*, 113 Cal.App. 347 [298 P. 119] is similar to the facts involved here. The parties executed a written contract whereby plaintiff was employed by defendant to prepare plans for the construction of a building. The defendant sought to prove a collateral oral agreement to the effect that the contract of employment was to take effect only on the condition that defendant should first secure title to the property on which the proposed building was to be erected. This evidence having been rejected this court reversed the judgment on the authority of *P. A. Smith Co.* v. *Muller*, 201 Cal. 219 [256 P. 411]; *Reiner* v. *Crawford*, 23 Wash. 669 [63 P. 516, 83 Am.St.Rep. 848]; and *Burke* v. *Dulaney*, 153

U.S. 228 [14 S.Ct. 816, 38 L.Ed. 698]. In so deciding we followed the general rule which is so well stated in 32 C.J.S. page 857 as follows: "Hence, parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, as that it shall only become effective on certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. . . ."

In *Texas Co.* v. *Berry Garage*, 121 Cal.App. 455 [9 P.2d 241] the same question arose in reference to parol evidence offered to prove a collateral oral agreement that the written contract should not be binding, but was to be used only as an inducement to other customers of the plaintiff. In holding the evidence admissible for that purpose the court quoted with approval the portion of the opinion in *Smith* v. *Muller, supra, reading* (p. 222): "evidence that parties never intended a writing to constitute a contract, but that in lieu thereof another contract was entered into between them, is not objectionable under the parol evidence rule. Such evidence does not change a written contract by parol, but serves to establish that such contract had no force, efficacy, or effect." It would serve no purpose to add here the numerous authorities there cited by the Supreme Court in support of the quotation.

*Cooper* v. *Cooper*, 3 Cal.App.2d 154 [39 P.2d 820] is cited in support of this rule, but it is equally applicable upon a different theory. The complaint alleged that the services were of the reasonable value of $1,104. The answer denied that they were worth that or any sum. In the cited case the court said (p. 159): "It has been frequently held that oral evidence is always competent to show want of consideration, or even partial lack of consideration, for an instrument. This rule is invoked for the reason that such evidence does not result in varying the terms of the written instrument, but really amounts to an impeachment of the character of the document. (*Richardson* v. *Lamp*, 209 Cal. 668 [290 P. 14, 15]; *Wurdeman* v. *Waller*, 88 Cal.App. 393 [263 P. 558]; sec. 1962, subd. 2, Code Civ. Proc.; Brannan's Neg. Instr. Law, 4th ed., p. 254, sec. 28.) In the Richardson case, *supra,* it is said in that regard; 'While the truth of the facts recited in a written instrument is conclusively presumed between the parties thereto, or their successors in interest by a subsequent

title, this rule does not apply to the recital of a consideration. . . . The true consideration or the want of consideration may always be shown by extrinsic evidence for the purpose of impeaching a contract, notwithstanding that it states facts to show a valuable consideration.' ''

Here the contract did not contain an express promise to pay for the services to be rendered under it, nor did it contain a stipulation for determination of the value of such services, if an obligation of payment therefor should be implied. These were issues which the trial court must try. It is true that under those conditions it will be presumed that an implied promise to pay the reasonable value arises. But this presumption, like other rebuttable presumptions, is but evidence of the facts to be proved. And it is settled law that when the trial court finds in accord with the evidence that a presumption has been rebutted in fact the appellate court will not seek to weigh the evidence against the presumption. Though we have used the word ''presumption'' in this discussion it would be more appropriate to say ''inference,'' since the implied promise to pay is not a deduction which the law expressly directs to be made from the facts proved. Here it was incumbent upon the appellant to allege and prove that a promise to pay, either express or implied, was made. This fact was not alleged. The appellant rested upon the ''inference'' of an implied promise. The evidence objected to was admissible to present the facts under which the respondents contended that such inference could not be reasonably drawn.

But the evidence was admissible for another reason. The appellant alleged that the reasonable value of the services was $1,104. He offered evidence showing that such figure was calculated on the basis of the schedule of fees of the local realty board. He also offered evidence that the sum of $300 paid for the first month's rent by the prospective tenants was retained by him with the consent of the respondents. He now argues that this was part payment on the ''promised'' fee of $1,104, and that this court should direct judgment for the balance. It is our view that these circumstances merely opened the door wider to respondents to prove what the true value of the services was. Upon appellant rested the burden to prove the reasonable value of his services. Evidence that the premises were leased at the time, that the old

540

lease had seven years to run, that this lease had been negotiated by appellant and that he was fully aware of its terms, and the evidence that appellant had assured respondents that there would be no compensation unless the prior lease was cancelled all went to prove the true story—that appellant, as the moving party, sought the employment with the clear understanding that if the lessees should vacate the premises the new lease should then become operative, and that then, and only then, he would be entitled to compensation for his services. It also tended to prove that the services rendered under these conditions were not worth more than the sum of $300 which appellant concedes he was paid.

No other point requires discussion.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.