[Civ. No. 4370. Fourth Dist. Apr. 23, 1952.]

WALLACE F. HARRISON et al., Respondents, v. N. K. SHAMALIAN, Appellant.

Leo Koligian for Appellant.

Chester E. Shepard and John E. Shepard for Respondents.

BARNARD, P. J.—This is an action to recover the reasonable value of goods, wares and merchandise alleged to have been delivered to the defendant at his request. In a separate cause of action it was alleged that $330 advanced to the defendant at his request was due to the plaintiffs. The answer denied all the material allegations of the complaint. A cross-complaint was also filed alleging that the plaintiffs had agreed to supply all material and labor necessary to construct certain outside and inside walls with steel windows for the agreed price of $1,009.11; that the work had not been completed according to said contract; and that the defendant had been damaged in the sum of $1,200.

The court found that the plaintiffs had delivered goods, wares and merchandise of the reasonable value of $694.87; that the defendant was not indebted to the plaintiffs in the sum of $330 for money advanced; that the plaintiffs had orally agreed to supply the materials in question but had not contracted to furnish the labor or to construct said walls; and that the plaintiffs were not responsible for any faulty construction since they had not entered into any construction

contract. Judgment was entered in favor of the plaintiffs for $697.87, and denying the defendant any relief under his cross-complaint. The defendant has appealed from the judgment.

The appeal is based entirely on the contention that the respondents entered into a contract to furnish all of the necessary material and labor and to complete the walls in question at an agreed price; that the plaintiffs are contractors, as defined in section 7026 of the Business and Professions Code; that they were not licensed contractors at the time the work was performed; and that not being licensed they are prohibited from maintaining the action by the provisions of section 7031 of that code.

It is conceded that the respondents were not licensed as contractors. It appears from the evidence that they were in the business of manufacturing and selling pumice blocks for construction purposes, that they also sold other materials, and that they had not previously undertaken any construction work, or agreed to do so. Being desirous of building a "block" house the appellant contacted the respondents for the purpose of obtaining information with respect to such material and the cost of construction. He furnished them with a blueprint and some days later they returned the blueprint, together with a written statement which reads:

"Outside and inside walls as per blueprint, includes
—blocks, steel windows, mortar, grout, steel reinforcing
Labor                                               $1009.11
Does not include steel door frames.
                                            "Aug. 15th"

The evidence is conflicting with respect to the circumstances under which this written statement was furnished, and as to what was intended thereby. The appellant introduced evidence which, if believed, would support a finding that the respondents agreed to furnish both material and labor and construct these walls, as referred to in the written statement. The appellant also testified that he did not hire the mason who did the work; that the mason was hired and sent by the respondents; that the respondents supervised the construction work; and that he would like to have discharged the mason but had no authority to do so. However, he testified that his wife "keep the books and pays him" and that the

mason came to him one Saturday and wanted his money. His wife testified that she kept the records, that she had a record of the time the mason put in but that she did not have his social security number and had not paid him anything or withheld his social security tax. Evidence was introduced by the respondents to the effect that they were asked to make an estimate as to the probable cost of the material and the labor, that they did so, that they recommended a mason to the appellant, that the mason and the appellant made their own agreement, that they knew nothing about what this arrangement was until some days later, and that they had had nothing to do with constructing the walls. The mason testified that he went to see the appellant and asked for the job; that they agreed upon a price of $2.50 an hour; that he made a deal with the appellant to this effect; that he went ahead and did the work; that he asked for money when the work was half done and the appellant told him to wait until it was finished; and that he asked for his pay when the work was completed, and the appellant refused to pay and told him to see ''Harrison.''

Nothing more than a conflict in the evidence appears. The appellant lays great emphasis upon the fact that the respondents advanced $298 to the mason. There was ample testimony that this money was loaned to the mason by the respondents because he needed money to live on and the appellant had refused to pay him. Apparently, the court adopted this view since it refused any relief to the respondents on their cause of action for money advanced at the request of the appellant.

The evidence supports the court's findings, and under the facts found the respondents are not barred from maintaining this action by the provisions of section 7031 of the Business and Professions Code.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.