[Civ. No. 18987.   First Dist., Div. Two.   Feb. 20, 1961.]

RALPH D. CAMPBELL et al., Appellants, v. ROBERT H. TAYLOR et al., Respondents.

Thomas P. Meehan and John L. Garaventa for Appellants.

Atkinson & Farasyn and L. M. Farasyn for Respondents.

SHOEMAKER, J.—This is an appeal by plaintiffs Campbell from a judgment rendered after trial by court denying them specific performance or damages under an alleged contract with defendants Taylor.

The action stems from a written agreement entered into by the appellants Campbell and respondents Taylor on April 25, 1955, involving three parcels of real property (one located in Palo Alto, another in Los Altos, and the last at Clear Lake), a lease, various loans to be secured and certain personal property. The writing was the culmination of the efforts of Mr. Campbell since the first of the year 1955 to acquire the Palo Alto property, he having formulated and presented various propositions to the Taylors whereby the Campbells would get the Palo Alto property and the Taylors would receive some cash and other real estate in return. However, until he got the signatures of the Taylors on this document, none of his suggestions had received more than passing notice.

The Taylors say that prior to the time they signed this agreement they advised the Campbells that they had problems in their contracting business and were in a precarious financial condition; that they doubted they could swing such a deal, however much it might appeal to them; that Taylor's contracting business was heavily obligated and they would have to examine and consider their position before going into such a transaction; and that being so advised the Campbells assured them that it was all right to sign the agreement for if upon examination and consideration of their financial affairs and business condition they could not afford the transaction, the agreement would not be binding upon them; that they certainly would not do anything to hurt the Taylor family or their business. Upon this assurance and understanding the Taylors testified they signed the agreement. Any such discussion or understanding was denied in its entirety by the Campbells.

The record further discloses that Taylor was given two copies of the aforesaid agreement—one for himself, the other to take to the title company. However, having concluded the deal was not possible for him under his circumstances, he did not take the copy to the title company and about the 26th or 27th of April when Campbell called at his place of business, so advised him, and was told by Campbell that he would go to the title company and arrange it so that Taylor could make a deal; that the next day Campbell asked him to

go to the title company but he refused once again, saying he could not engage in an exchange and that thereupon Campbell told him that he had entered into an agreement with him on April 25, 1955, and he would make him go through with that deal.

Thereupon Campbell opened an escrow at the title company toward carrying out the agreement, but the Taylors had no part of it—rather on April 29th they contracted to sell the Palo Alto property to defendant Hoefler for $78,000. Hoefler had seen an ad for its sale on April 19, 1955, and this sale was closed on May 23, 1955. The Hoeflers never heard of the Campbells and their claim to the property other than a remark by Taylor that they were interested in buying the property (a statement Taylor says he made to get some action out of Hoefler toward closing the sale).

In the meantime Campbell was pressuring Taylor to go through with his deal, so that Taylor saw an attorney, who on his behalf, on May 16th gave a notice of rescission of the agreement of April 25, 1955, to Campbell, and shortly thereafter this action was commenced to enforce the agreement and joining the Hoeflers on the ground they were purchasers with notice and not entitled to retain the property as against the prior claim of the Campbells.

Upon this appeal many contentions are urged, protracted discussion is had as to the general principles of contract law, the right to specific performance, what constitutes a bona fide purchaser, fraud, and the measure of damages to be applied in the event specific performance cannot be had. We need not concern ourselves with these problems for in our opinion the trial court completely disposed of the issues between these parties when it found:

"III.

". . . that the agreement was only tentative and that it would not be binding on the defendants Taylor unless subsequent investigation by said defendants of their financial circumstances would warrant their affirmance of the transaction."

"V.

"That the aforesaid representations of the plaintiffs Ralph Campbell and P. Agnes Campbell were false and untrue and made with the intent that the defendants rely thereon; that the defendants Robert H. Taylor and Charlene G. Taylor did rely thereon to their detriment in executing the said document, to wit: Plaintiffs' Exhibit '1.' "

## "VI.

"That the defendants Taylor determined that their financial circumstances did not warrant an affirmance of the transaction as set forth in plaintiffs' Exhibit '1.'" (Findings of Fact and Conclusions of Law.)

We have already referred to the testimony of the Taylors that was accepted by the trial court and which substantially supports its findings. It is true the testimony on this phase of the case is in direct conflict; however, the judge chose to believe the Taylors and an appellate court is bound by his determination.

We have here a written agreement subject to an oral condition precedent, which condition not having been fulfilled prevented the agreement from becoming a binding obligation between the parties. (*Fontana* v. *Upp* (1954), 128 Cal.App. 2d 205 [275 P.2d 164].)

The appellants' contention that the admission of testimony to establish the oral condition violates the parol evidence rule is without merit. The fact that a contract depends upon an oral condition precedent may be shown by parol evidence where the contract does not include provisions inconsistent therewith. (*Unger* v. *Hall* (1943), 61 Cal.App.2d 535, 538 [143 P.2d 497]; *Severance* v. *Knight-Counihan Co.* (1947), 29 Cal.2d 561, 563 [177 P.2d 4, 172 A.L.R. 1107].) Here we find no such inconsistencies.

Since there was no contract between appellants Campbell and respondents Taylor, the Hoeflers were free to purchase the Palo Alto property, and their ownership must be confirmed.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.