[Civ. No. 27788.   Second Dist., Div. Two.   July 28, 1964.]

WILLIAM NELKIN et al., Plaintiffs and Appellants, v. MARVIN HIME & COMPANY, INC., Defendant and Respondent.

Anderson, McPharlin & Conners and Robert C. Haase, Jr., for Plaintiffs and Appellants.

Bert W. Levit, Herbert Z. Ehrmann and Long & Levit for Defendant and Respondent.

ASHBURN, J.*—The copartnership of William Nelkin & Co., a New York wholesale diamond merchant, seeks to recover from Marvin Hime & Co., Inc., a Beverly Hills retail jeweler, the value of certain jewelry consigned by the former to the latter on various dates in 1957 and 1958 and having a value of $25,047. It is conceded, as stated in the findings, that: "On May 1, 1958, said items of jewelry were stolen in an armed robbery which occurred without the complicity, negligence, or fault of defendant."

Plaintiffs rest their case upon the terms of the memo-

---

*Retired Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

randum which accompanied the consignment at the time of delivery, each one being in the following terms:

"The said property is received for inspection only with the understanding that title is to remain in WM. NELKIN & Co. and that the undersigned will return the said property on or before ten days from date, and in the event said property is damaged, lost, stolen or destroyed, the undersigned will be responsible therefor, whether caused by the undersigned or by another over whom the undersigned has no control, and whether negligent or not; and in any such event, the undersigned will pay the said stated value thereof to the said WM. NELKIN & Co. on or before the expiration of the said return date. The agreed value is as described below in dollars." The document was not signed by either party; defendant accepted same without objection or comment and retained the memorandum in its own file.

The trial court found: "Said memoranda were intended by plaintiffs and defendant to be receipts only, and neither plaintiffs nor defendant at any time intended or agreed that the printed provisions of any of said memoranda were to be binding on defendant.

"There was at no time any verbal or written agreement between plaintiffs and defendant concerning any of said items of jewelry whereby defendant agreed to be liable for their loss occurring without the fault or negligence of defendant; ... "

Judgment was rendered for defendant and plaintiffs appeal therefrom.

■ The context of the memorandum shows clearly that it served a dual purpose—as a receipt and as a specification of certain obligations to be performed with respect to the jewelry covered thereby. As a receipt it was subject to being disputed by oral evidence, but its contractual terms 'were subject to the parol evidence rule—not subject to extrinsic explanation or variation unless ambiguous.

The Supreme Court said in *Lawrence* v. *Premier Indem. Assur. Co.*, 180 Cal. 688, 698 [182 P. 431]: "Writings which are receipts, but which also contain contractual terms, have been held to be written contracts, not to be altered or added to, where either they purport to be, or the evidence shows that they are, the written memorial of the full understanding between the parties. Of this character is usually a bill of lading issued by a carrier acknowledging the receipt of the goods to be transported and specifying the terms of the

transportation. But unless the receipt appears to be of this character, the 'parol evidence' rule has no application to it.''

*Citizens Nat. T. & S. Bank* v. *Arrowhead Springs Beverage Co.*, 126 Cal.App. 550, 554 [14 P.2d 821]: ''The third document is both a receipt and a contract because, in addition to acknowledging receipt of the stock, the agent agrees to deliver specified stock therefor or to return the stock so received (*Lawrence* v. *Premier Indem. Assur. Co.*, 180 Cal. 688 [182 P. 431].)''

See also *Ames* v. *Southern Pacific Co.*, 141 Cal. 728, 732-733 [75 P. 310, 99 Am. St. Rep. 98]; *Thompson* v. *Williams*, 30 Kan. 114 [1 P. 47, 48]; *Krutz* v. *Craig*, 53 Ind. 561, 574; *Cummings* v. *Baars*, 36 Minn. 350 [31 N.W. 449, 450].

Appellants' first assignment of error is: ''The finding that the memoranda accompanying the consigned jewelry were intended by the parties to be receipts only is very clearly contradicted by the evidence, both oral and documentary. In any event, whether termed 'memoranda' or 'receipts,' the question is: Did the acceptance thereof without objection upon receipt of the jewelry result in a contract between the parties altering the common law rules of bailment?''

His Point Three is: ''Each Memorandum Accompanying the Consigned Jewelry Constituted a Contract of Bailment Imposing Risk of Loss Upon Defendant.''

To the end of proving that the parties did not intend the memorandum to be a contract or anything other than a receipt defendant introduced considerable evidence at variance with the terms of the instrument, as it had a right to do in aid of that defense. (*P. A. Smith Co.* v. *Muller*, 201 Cal. 219, 222 [256 P. 411]; *Haidinger-Hayes, Inc.* v. *Marvin Hime & Co.*, 206 Cal.App.2d 46, 51 [23 Cal.Rptr. 455].) There was never any expressed understanding to the effect that the writing should serve only as a receipt and, as will be shown, defendant's parol evidence does not go to the promissory language of the memorandum upon which plaintiffs rely, i.e., ''in the event said property is damaged, lost, stolen or destroyed, the undersigned will be responsible therefor, whether caused by the undersigned or by another over whom the undersigned has no control, and whether negligent or not; . . . '' Specifically, it was shown that the delivery of the jewelry was not ''for inspection only'' or for inspection at all. Although title doubtless did remain in Nelkin, the Hime Company had possession and (outside the writing) authority

to sell, which was the main purpose of all the dealings between the parties. The statement that Hime would return the property to Nelkin on or before 10 days from date of the memorandum was honored only in disregarding it; the items of jewelry had been in its possession on dates ranging back from March 25, 1958, to September 3, 1957. The phrase ''in any such event'' refers to damage, loss, or destruction of the goods, and the following language—''The undersigned will pay the said stated value thereof to the said William Nelkin & Co. on or before the expiration of the return date''—was, in the light of previous experience, a meaningless phrase because it was rare indeed that any item was returned to the consignor within 10 days from shipment to the consignee, and this 10-day limitation could not reasonably be confined to losses suffered only during the first 10 days of defendant's possession.

The foregoing evidence does show consistent disregard of certain terms of the memorandum, but it does not affect the expressed obligation of Hime to pay to plaintiffs the ''agreed value'' as stated in the memorandum; in the absence of a different agreement in certain exceptional instances the specified price is the amount that was paid to plaintiffs for any item sold by defendant. That evidence does not touch upon the expressed obligation of defendant to bear a heavier burden than that imposed by law, i.e., liability for loss due to his own failure to use ordinary care (*Haidinger-Hayes, Inc.* v. *Marvin Hime & Co., supra,* 206 Cal.App.2d 46, 51) ; that is to say, a duty to bear the entire loss in the event of damage, loss, theft or destruction of the property ''whether caused by the undersigned or by another over whom the undersigned has no control, and whether negligent or not.'' This matter was never discussed between the parties; neither of them ever said they would not be bound by the terms of the memorandum, particularly in relation to loss in case of theft, etc. A showing that they consistently disregarded other terms of the instrument does not warrant an inference that they intended the memorandum to be nothing but a receipt for goods delivered. It would be pressing the matter too far to hold that nonobservance of some of the terms of a contract evidences an implied understanding that no part of it shall have any efficacy.

Though this memorandum by its terms plainly contemplates signature by the consignee, the failure to sign is unimportant because defendant accepted the goods and mem-

orandum without comment, was charged with knowledge and actually knew the contents of the document and continued to hold possession of it and the jewelry. (See 12 Am.Jur. § 61, p. 551; *Taussig* v. *Bode & Haslett,* 134 Cal. 260, 266 [66 P. 259, 86 Am.St.Rep. 250, 54 L.R.A. 774]; *Cunningham* v. *International Committee of Y.M.C.A.,* 51 Cal.App. 487, 490 [197 P. 140].) Receipt of the goods was evidenced to the consignor by a postal receipt signed and returned upon each consignment.

■ There is no doubt about the validity of an agreement of the consignee to bear the entire loss in the event of theft and the like. (*Meyer Koulish Co.* v. *Cannon,* 213 Cal.App.2d 419, 429, 432 [28 Cal.Rptr. 757].)

· The case of *Haidinger-Hayes, Inc.* v. *Marvin Hime & Co., supra,* 206 Cal.App.2d 46, is not opposed to the foregoing views for, although it grew out of this same robbery, the document under consideration was plainly a receipt which did not contain any risk of loss provision. See page 49 of the opinion.

As the conclusions expressed above are dispositive of this appeal, we find it unnecessary to discuss other points raised by respective counsel.

Judgment reversed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 24, 1964, and respondent's petition for a hearing by the Supreme Court was denied September 24, 1964. Mosk, J., did not participate therein.