[Civ. No. 31204. Second Dist., Div. One. July 24, 1967.]

WILLIAM J. CUNNINGHAM, Plaintiff and Respondent, v. SOUTHLAND CONSTRUCTION CO., INC., et al., Defendants and Appellants.

Brown & Brown, Howard B. Brown and David A. Binder for Defendants and Appellants.

Dannemeyer & Tuohey and William E. Dannemeyer for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a money judgment in favor of plaintiff and against defendant Southland Construction Co., Inc. (sometimes hereinafter referred to as Southland) and Citizens Insurance Company of New Jersey, a corporation (sometimes hereinafter referred to as Citizens), the bondsman for Southland.

Cunningham brought the action for money, for the value of materials furnished to Southland on a job in the construction of a warehouse which Southland was performing for the County of Los Angeles. In count one of the complaint plaintiff alleges that in February 1963, Southland promised to pay Cunningham certain money for goods and merchandise sold to Southland; that Southland had refused to pay. The first cause of action is stated as a common count for material delivered and is not on a written contract.

In a second count of the complaint, plaintiff sued Citizens on the bond which Citizens had issued to the County of Los Angeles for Southland.

In the third count, plaintiff alleged that the County of Los Angeles was withholding sufficient money to pay plaintiff's amount due and owing.

Southland answered the complaint by generally denying the allegations of Cunningham and by way of defense alleged that a contract had been entered into with Cunningham to "construct" a building for it and that Cunningham did not have a contractor's license and that said contract is void. Further, by way of a counterclaim Southland aserted that Cunningham was indebted to it in the sum of $1,500 for materials and labor furnished to Cunningham on another unrelated job.

Hartford Accident and Indemnity Company, Inc., admitted that it did execute a bond, the terms of which were contained in the bond. Apparently a stipulation was entered into at the trial to the effect that Citizens was to be substituted in the place of Hartford for all purposes.

The county admitted that it had on hand a sum of about $1,600.35 which would be available for payment of the balance due because of the indebtedness in the construction of the building.

Cunningham, who from time to time was a dealer for Strand steel used in the construction of steel buildings, made an oral contract with Southland to furnish certain materials to be used by Southland in a contract which Southland had with Los Angeles County for the construction of a warehouse building at the Olive View Hospital. In the contract proceedings, Southland, as principal, and Citizens, as surety, made, executed and delivered to Los Angeles County a bond in the principal sum of $7,946.50.

There was a purported written purchase order issued by Southland to Cunningham which written order provided for Cunningham to "furnish and erect" a steel building for Southland. Cunningham was and is an unlicensed contractor.

At the trial evidence was taken and the court made findings of fact and conclusions of law in favor of Cunningham and against Southland and Citizens.

The court found upon substantial evidence that Southland, pursuant to an oral contract, directed to Cunningham that certain material be delivered to Southland on the job site, that the material was not damaged and was used by Southland in the erection of the building by it contracted for with the County of Los Angeles, that the total material and freight amounted to $7,732.89. Further, it was found that none of said amount had been paid by Southland. Also it was found that Cunningham had not offered or undertaken to bid upon or construct a building in connection with the work of Southland at the Olive View Hospital job site and that Cunningham did not have a contractor's license. The court particularly found that the so-called written purchase order was never intended by the parties to have any validity or effect. There was also a finding to the effect that Cunningham was indebted to Southland as an offset in the amount of $1,500 for work done by Southland for Cunningham on a different and unrelated job.

As to the second cause of action, the court found upon substantial evidence that Citizens had issued a bond by the terms of which it was obligated to pay the materialmen on the Olive View job and to pay a reasonable attorney's fee ($1,500) in connection with Cunningham's efforts to collect for the value of the material furnished by him under the circumstances, that Cunningham was not a bidder nor did he construct any part of said building; that the written purchase order was never intended to have any validity, force or effect.

It was further found that Cunningham was entitled to the

balance of the fund held by Los Angeles County, namely $1,600.35, and that Southland and Citizens would each be entitled to credit for such amount.

 Appellants Southland and Citizens now assert that Cunningham, at the time of the pretrial proceedings, took the position that he was bringing the action on the written purchase order, that at the time of trial over the objection of Southland and Citizens, Cunningham was permitted to abandon his original contention and to introduce evidence on an oral contract inconsistent with the provisions of the written contract. Further, that it was reversible error to permit the introduction of parol evidence to violate the terms of the written contract, that there was no substantial evidence to support the finding that Cunningham was not acting as a contractor. Also, that if the evidence does sustain an oral contract, then Cunningham would be an unlicensed member of a joint venture and be barred from recovering.

There is no merit to appellants' contentions.

A reference to the common count (count one) of the complaint discloses nothing with reference to any written contract or to any written purchase order. The second cause of action against Citizens is on the bond issued by Citizens. The bond provides for the payment of materialmen and any reference to a purchase order in said count is mere surplusage.

Appellants, in answering certain interrogatories, clearly showed that they knew and assumed that Cunningham was proceeding upon the theory that the contract was oral, that at no time was it contemplated that Cunningham would erect any building for Southland, that Cunningham was only to deliver certain specified material, that he made no claim for any labor and that he was only a material supplier.

Cunningham specifically asked Southland in interrogatories whether the contract referred to in its answer was written or oral, and Southland replied, ''The materials were not furnished pursuant to a written contract.''

Each side filed a pretrial statement. Cunningham stated therein that the first cause of action against Southland was on a common count for materials furnished to which Southland had filed general denials, that the second cause of action was brought against Citizens on the bond. In the opening statement, preliminary to the taking of any evidence, the same theories were presented to the trial judge, namely, on the oral contract against Southland and on the bond against Citizens and on the stop notice proceeding against the county.

No useful purpose would be served in reciting the contradictory evidence introduced; suffice it to say that clearly Cunningham established that he furnished the materials under an oral contract and that he had nothing to do with the construction of the building other than the furnishing of the materials.

There was no violation of the parol evidence rule. Appellants introduced the purchase order into evidence. The purchase order itself was unclear as to its meaning. The validity of the so-called written agreement itself was in dispute and it was proper to receive evidence of the true agreement other than the contents of the writing. (See Code Civ. Proc., §§ 1856, subd. 2, 1860; *Lynn* v. *Herman,* 72 Cal.App.2d 614 [165 P.2d 54]; *Cooper* v. *Cooper,* 3 Cal.App.2d 154 [39 P.2d 820]; *P. A. Smith Co.* v. *Muller,* 201 Cal. 219 [256 P. 411]; *Nelkin* v. *Marvin Hime & Co.,* 228 Cal.App.2d 744, 746-747 [39 Cal.Rptr. 701]; *Harrison* v. *Shamalian,* 110 Cal.App.2d 500 [243 P.2d 82].)

▪ Appellants for the first time here attempt to assert that Cunningham was a member of a joint venture with Southland. There was no pleading of any such alleged joint venture; nothing of any such theory was stated in the pretrial proceeding, nor at any other step in the case until now. The defense cannot be raised for the first time on appeal. In any event, the trial judge upon substantial evidence found that Cunningham was a materialman. (See *Ernst* v. *Searle,* 218 Cal. 233, 240-241 [22 P.2d 715].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied August 18, 1967, and appellants' petition for a hearing by the Supreme Court was denied September 21, 1967.